510

Patricia Robinson, Appellant, *v.* Terminal Freight Transport, Inc., et al., Respondents.

Robert E. Lund, Appellant, *v.* Terminal Freight Transport, Inc., et al., Respondents.

Third Department, November 14, 1956.

*Jacob L. Wildove* for appellants.

*F. Walter Bliss* and *Warner M. Bouck* for Terminal Freight Transport, Inc., and others, respondents.

*Donald Gallagher* for Edward Gay, respondent.

ZELLER, J. These consolidated actions arise from a motor vehicle collision. Defendants have obtained judgments dismissing the complaint of each plaintiff. Defendant Gay's judgment is based upon a nonsuit granted at the end of the whole case. The judgment in favor of the other defendants rests upon a jury's verdict of no cause of action. Since we are principally concerned with the nonsuit granted by the Trial Judge, we shall examine the evidence in the light of the most favorable inference rule. This rule requires us to view the facts in the aspect most favorable to plaintiffs and to give plaintiffs every favorable permissible inference which may be drawn from the record. (*Kraus* v. *Birnbaum,* 200 N. Y. 130, 133.)

The accident occurred on May 13, 1953 shortly after one o'clock in the morning, on a two-lane highway known as Route 30 between the villages of Schoharie and Middleburg, near Stony Brook Corner. A tractor-trailer driven by defendant Palk had been proceeding northerly toward Schoharie. (Defendants, Terminal Freight Transport, Inc., Korba Trucking, Inc. and Alfred Acquaire had various interests in the tractor-trailer.) Just before reaching Stony Brook Corner, all the lights on the tractor-trailer failed and it came to a stop in its lane of the highway. While the driver and his companion, defendant Acquaire, were attempting to light flares, defendant Gay proceeding in a southerly direction drove up even with the tractor-trailer, stopped in his lane of the highway, and asked Palk if he needed any assistance. The headlights of the Gay auto threw beams in a southerly direction.

At this moment, plaintiff Lund's auto, with plaintiff Robinson as a passenger, was approaching Stony Brook Corner proceeding northerly on the same lane on which the tractor-trailer had come to a halt. As the Lund vehicle broke over a hill the attention of Gay, Palk and Acquaire was attracted to it. Gay flicked his headlights several times from high to low and low to high. As the Lund vehicle continued its course, Gay drove his auto off the main highway on to an intersecting road and the Lund vehicle crashed into the rear of the tractor-trailer with great force, resulting in severe injuries to both Lund and Miss Robinson. Because of certain head injuries, Lund had no recollection

of the events immediately preceding the accident. Miss Robinson testified that it was a dark night, that the auto in which she was riding was traveling 40 miles an hour, that as it approached Stony Brook Corner her attention was attracted to the flashing headlights of an auto and that she did not see the tractor-trailer.

Plaintiffs argue from this evidence that it could be found that Gay temporarily blocked one lane of the highway and created confusion by the blinking of his headlights. This evidence, concededly the most favorable to plaintiffs in the record, poses the controlling negligence question — whether on a dark night, a prudent person, fully aware that half of a two-lane lighway was blocked by an unlighted tractor-trailer unprotected by flares, would bring his auto to a halt on the other lane of the highway along side the tractor-trailer and then flash his lights from high beam to low and back to high several times to gain the attention of an oncoming vehicle before moving off the highway. We believe that this question may not be answered affirmatively *as a matter of law*. A jury could find that the conduct of Gay — regardless of his good intentions — created a dangerous situation and distracted the attention of Lund. Also, we believe that the questions of proximate cause and the contributory negligence of each plaintiff present questions of fact. Consequently, in our opinion, it was error for the Trial Judge to grant Gay's motion for a nonsuit.

There must be a new trial of the causes of action alleged by plaintiffs against Gay. To require Gay to be the sole defendant at this trial would throw the case out of proper perspective. Plaintiffs have alleged, *inter alia,* that the defendants in charge of the tractor-trailer permitted it to have a defective electrical system, brought it to a stop upon the pavement and failed to place flares promptly. In the interests of justice, the case against the defendants other than Gay should be re-evalued by the same jury who pass upon the case against Gay.

The judgments and order should be reversed upon the law and the facts and a new trial ordered, with costs to abide the event.

BERGAN and COON, JJ., concur; FOSTER, P. J., and HALPERN, J., dissent and vote to affirm the judgment dismissing the complaint against the defendant Gay; and also dissent as to the reversal of the judgment of dismissal against the plaintiff Lund, entered upon the verdict of the jury of no cause of action, and vote to affirm that dismissal, upon the ground that the evidence was such the jury could have found the plaintiff Lund guilty of con-tributory negligence. We concur in the reversal and direction for a new trial in the case of the plaintiff Robinson against the

defendants Terminal, Korba, Acquaire and Palk on the ground that the verdict of no cause of action in that case was against the weight of the evidence.

Judgments and order reversed, upon the law and facts, and a new trial ordered, with costs to abide the event.