■ LUCY TROLL, Appellant, v. SCHOONMAKER BROS., INC., Respondent. (Action No. 1.) LUCY TROLL, Respondent, v. UGO D'AMATO, Defendant, SIGURD OLSEN, Appellant, and ROBERT HALL, Respondent. (Action No. 2.) — SWEENEY, J. Appeals from (1) a judgment of the Supreme Court, entered July 11, 1969 in Ulster County, in favor of plaintiff and against the defendant Olsen, and (2) a judgment of the Supreme Court, entered July 22, 1969 in Ulster County, dismissing the complaint as against the defendant Schoonmaker Bros., Inc., and (3) a judgment, entered in Ulster County on June 10, 1969, dismissing the complaint as against the defendant Robert Hall. The plaintiff, age 78, and her son contracted for the building of a bi-level house with defendant Schoonmaker Bros., Inc. (hereinafter referred to as Schoonmaker). Defendant Olsen subcontracted with Schoonmaker to frame the dwelling. The other defendants subcontracted to do various other work. In the course of the work Olsen constructed a temporary stairway from the basement floor to the platform on the upper floor. Olsen completed his work, left the premises by August 7, 1965, and did not return to the job. On Labor Day, September 4, 1965, about noon, the plaintiff and her son visited the premises which were unlocked and still in a "raw state". The plaintiff ascended the stairway, looked around the upper floor for about 10 minutes and started to descend. She stepped on the first tread at the top of the stairs when the stairway collapsed and she sustained serious injuries. She brought an action against Schoonmaker, the general contractor, and a separate action against the subcontractors. The trial court submitted to the jury only the cause of action against the defendant Olsen. The jury found for the plaintiff, and also found the plaintiff to be an invitee. It is the contention of the defendant Olsen, among other things, that the plaintiff failed to establish any of the acts of negligence alleged in the complaint against him. Plaintiff contends the court erred in dismissing the complaint against the defendants Schoonmaker and Robert Hall, since she was an invitee and the mere collapsing of the stairway established an inference of negligence under the res ipsa rule, which thereupon required defendants to explain the accident. To determine the liability of the defendants to the plaintiff, it is first necessary to establish plaintiff's status. The jury found plaintiff to be an invitee and not a licensee. The circumstances do not neatly place plaintiff in either category. The defendant Schoonmaker, however, was constructing a home for plaintiff and she had a right to be on the premises. Consequently, defendants owed her the duty of reasonable care which is the same duty owed a business invitee. (Nadalin v. Chase, 20 A D 2d 611.) We will next consider plaintiff's contention that the court erred in dismissing the complaint against defendants Schoonmaker and Hall. There is no proof in the record that Hall, a subcontractor, had any duty of general supervision or maintenance, nor was there any proof of active negligence on his part. Therefore, the trial court properly dismissed the complaint as to him. The more perplexing problem pertains to

the dismissal of the complaint as against defendant Schoonmaker. It is true that there is authority for the proposition that a general contractor is not liable for the negligence of his subcontractor. (*Moore* v. *Charles T. Wills, Inc.*, 250 N. Y. 426, 428.) This principle, however, is not absolute. In the instant case it would not apply if, from all the proof, the jury could have fairly found that Schoonmaker retained sufficient control over the work to charge him with a duty to see that the stairway was properly installed and maintained. (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166.) There was proof that Schoonmaker's supervisor advised Olsen not to nail the stairway to the wall studs and, further, testimony that the duty of supervising the construction was wholly that of defendant Schoonmaker. It was also brought out that Schoonmaker had a duty to inspect the work. From this testimony the jury might reasonably conclude that Schoonmaker had a duty to see that the stairway was properly installed by Olsen; that Schoonmaker, as the general contractor, was in control of the work and responsible for the premises at the time of plaintiff's accident; that there was a failure on the part of Schoonmaker to inspect the work as it progressed; or that there was a failure to properly maintain the premises in a reasonably safe condition inasmuch as he had duly accepted the work by Olsen under his subcontract which was completed on or about August 7, 1965. Under these circumstances we conclude it was improper for the trial court to dismiss the complaint as against Schoonmaker. Since there must be a new trial as against the defendant Schoonmaker, we conclude, in the interests of justice, the defendant Olsen should also have a new trial. (*Robinson* v. *Terminal Frgt. Transp.*, 2 A D 2d 510.) Judgment in Action No. 1 reversed, on the law, and a new trial ordered. Judgment in Action No. 2 modified, on the law and the facts, and a new trial ordered as to defendant Olsen; and, as so modified, affirmed, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.