■ MARGARET ROCCO, as Administratrix of the Estate of GEORGE J. ROCCO, JR., Deceased, Respondent-Appellant, v SAMUEL DICKSTEIN et al., Appellants-Respondents, and TONY RUSSO et al., Respondents. (Action No. 1.) SAMUEL DICKSTEIN, Appellant, v TONY RUSSO et al., Respondents. (Action No. 2.)—Cross appeals from a judgment of the Supreme Court, entered May 24, 1974 in Albany County, upon a verdict rendered at a Trial Term in favor of the plaintiff against the defendants Samuel Dickstein and Jay L. Dickstein, and of no cause of action in favor of the defendants, Tony Russo and Robert Rocco in action No. 1; appeal by defendants Dickstein from a judgment of the same court, entered July 24, 1974, and from an order, entered June 17, 1974, denying motions to set aside the verdicts. On January 9, 1972 at about 1:00 P.M. plaintiff's intestate was riding as a passenger in an automobile owned by defendant Russo and being operated in an easterly direction by defendant Rocco on Route 20 in the Town of Guilderland. The highway is four lanes wide, separated by a double yellow line. Proceeding in a westerly direction on his own side of the road was an automobile owned by the defendant Samuel Dickstein and being operated by defendant Jay L. Dickstein. Defendant Rocco testified that a third vehicle shot in front of him and he was compelled to turn left to avoid a collision with that vehicle; that he went into the westbound lanes and collided with the Dickstein car. He further testified that the Dickstein vehicle was at all times, including the time of impact, in the driving lane of the westbound side of the highway. As a result of the collision plaintiff's intestate sustained injuries from which he died. His administratrix commenced this action for wrongful death. Samuel Dickstein also brought an action to recover for the property damage to his vehicle. The jury returned a verdict in favor of the plaintiff for the wrongful death against defendants Dickstein and of no cause of action against Rocco and Russo. Implicit in its verdict is a finding by the jury that the accident happened solely as a result of the negligence of the operator of the Dickstein automobile. From an examination of the record in its entirety, we are compelled to conclude that a finding of negligence solely on the part of the operator of the Dickstein vehicle is against the weight of the credible evidence and must be set aside. Since this necessitates a new trial as against defendants Dickstein, in the interest of justice, there should be a new trial against all defendants. (Bartholomew v

*New York Tel. Co.,* 35 AD2d 767.) Judgment reversed, on the law and the facts, and a new trial ordered, with costs. Herlihy, P. J., Sweeney, Main and Larkin, JJ., concur; Greenblott, J., concurs in part and dissents in part in the following memorandum. Greenblott, J. (concurring in part and dissenting in part). I agree with the majority that the finding of negligence on the part of the operator of the Dickstein vehicle has no support in the evidence presented at trial and therefore must be set aside. However, in my opinion, the trial court should have dismissed the complaint as against Dickstein prior to submission to the jury. Prior to the instant in which a third vehicle allegedly shot in front of him, defendant Robert Rocco was proceeding in the eastbound driving lane at 30 to 35 miles per hour. The width of the four lanes of Route 20 in the vicinity of the accident is approximately 45 feet. Rocco testified that in turning left across the highway into the westbound lanes, he first saw the westbound Dickstein car coming toward him when he was in the driving lane on the westbound side at which point it was 11 to 12 car lengths away, using 18 feet as his estimate of a car length. He testified that he accelerated in an attempt to traverse all of Route 20, but was unsuccessful, for the front end of the Dickstein car collided with the right side of the Rocco car in the driving, or righthand westbound lane, resulting in the death of George Rocco, Jr., plaintiff's husband. The speed limit in the area was 45 miles per hour. I am of the view that there is no satisfactory evidence upon which a jury could reasonably infer that Dickstein acted negligently. Rocco did not apply his brakes prior to the collision, and in fact testified, as previously noted, that he accelerated in an attempt to cross over the road, and thus his speed was maintained at a minimum of 30 miles per hour for all but an unappreciably short instant. At that speed, it would have taken less than one full second to drive his car completely off the road, a total distance of roughly 40 feet even if measured from the center line of the highway rather than from the line between the two westbound lanes, since an object traveling at 30 miles per hour covers 44 feet per second. "A driver in his proper lane is not required to anticipate that a car going in the opposite direction will cross over into that lane *(Gooch v Shapiro,* 7 AD2d 307, affd 8 NY2d 1088). And the failure of a driver not otherwise negligent, who meets such a car, to avert the consequence of such an emergency can seldom be considered negligent *(Meyer v Whisnant,* 307 NY 369)." *(Breckir v Lewis,* 21 AD2d 546, 549, affd 15 NY2d 1027.) Vicki Smith, a passenger in Dickstein's vehicle, and Raymond O'Connell, who was driving westbound approximately two or three car lengths behind Dickstein, both testified that Dickstein had been driving at about 30-40 miles per hour. Thus, Dickstein would have traveled between 44 and 60 feet from the time Rocco crossed the center line until impact. Furthermore, plaintiff concedes it to be an established fact that Dickstein did apply his brakes, which is borne out by the testimony of Vicki Smith and physical evidence in the form of tire marks. On these facts, immediate application of the brakes by Dickstein was an appropriate if not successful reaction, and even if it could be said that Dickstein might have taken some other course, he was obviously faced with a situation which did not permit of careful deliberation in one second. " 'Where an emergency is not created by the defendant's own acts, he is not obliged to exercise the best judgment' * * * . The defendant * * * did the first thing that suggested itself in the stress and excitement of the moment. The outcome might have been better if he had done something else. That is not enough, however, to establish his negligence." *(Palmer v Palmer,* 31 AD2d 876, 877.) I further find no merit to respondents' contention that Rocco's testimony to the effect that Dickstein was traveling very fast, and

that he "kept coming", is sufficient to establish Dickstein's negligence. If Dickstein seemed to Rocco to have "kept coming", it would only be because Dickstein had at most one second to react, and a considerable fraction of that one second would have been normal human reaction time which would not have produced any results of an observable nature. As to speed, Rocco would not even estimate Dickstein's speed in miles per hour. However, Rocco testified that Dickstein was 198 to 216 feet away when observed from the point at which Rocco entered the westbound lane. To have covered that distance in one second, Dickstein would have to have been moving at a speed of 135 miles per hour[1] which obviously was not the case. Thus, Rocco's testimony was obviously incorrect about either his own speed or the distance between the vehicles. To have established the true facts, therefore, the jury would have been required to speculate about a significant element, and, of course, speculation cannot be substituted for proof to establish negligence. Thus, there is no evidence in the record from which a reasonable inference might be drawn that the defendant Dickstein was guilty of any negligence which was a proximate cause of the accident.[2] Under these circumstances, I fail to see how any proper purpose can be served by granting a new trial as against Dickstein, for the conclusion seems inescapable to me that a similar verdict on the same evidence would again have to be overturned, there having been no errors in the admission of evidence or conduct of the trial which could have influenced the jury's verdict. I, therefore, vote to reverse all judgments, dismiss the complaint in action No. 1 against the defendants Dickstein, and order a new trial in action No. 1 as against the remaining defendants and in action No. 2.

---

1. These figures are based on Rocco's estimate of a car length as 18 feet. Even if a more conservative estimate of 14 feet is involved, however, Dickstein still would have to have been going almost 100 miles per hour to cover the resulting distance.

2. Based on the deficiencies in plaintiff's proof of Dickstein's negligence, the complaint against Dickstein should have been dismissed at the end of plaintiff's case, and Dickstein would not have been required to offer evidence by way of defense. I take this opportunity to point out, however, that even according to Dickstein's version of the facts, as testified to by the disinterested witness, O'Connell, I am of the view that Dickstein would not have been able to bring his vehicle to a stop in time to avoid the impact, but due to the limited time available for deliberation, he cannot be considered negligent for having attempted to stop rather than try to swerve around the Rocco car by steering to the left.