■ AMERICAN MOTORISTS INSURANCE COMPANY, as Subrogee of MAJESTIC P & H SUPPLY CORP., et al., Respondents, v A-1 SECURITY SYSTEMS, Appellant, et al., Defendant. [663 NYS2d 269] —In an action to recover damages for injury to property based on gross negligence and breach of contract, the defendant A-1 Security Systems appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated September 30, 1996, as, upon renewal, denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint insofar as asserted against A-1 Security Systems is dismissed, and the action is severed as to the remaining defendant.

In 1988 the plaintiff Majestic P & H Supply Corp. (hereinafter Majestic) contracted with the defendant A-1 Security Systems (hereinafter A-1) for the installation, service, and central monitoring of a burglar alarm at Majestic's premises. The contract provided, *inter alia,* for "Central Office Monitoring" by A-1 and expressly permitted A-1 to subcontract the central office monitoring services "to third parties who may be independent of" A-1.

In November 1992 an agreement was executed by Majestic and A-1, whereby the central office monitoring services were subcontracted to the defendant Counterforce Central Alarm Services Corp. (hereinafter Counterforce).

In the early morning hours of December 12, 1992, a fire broke out in Majestic's premises causing substantial damage.

Thereafter, the plaintiff American Motorists Insurance Company, as subrogee of Majestic, and Majestic individually, commenced the instant action against A-1 and Counterforce alleging, *inter alia,* gross negligence. The complaint essentially alleged that as a result of a failure to properly monitor the alarm which was activated several hours prior to the fire, a

burglar gained entry into the premises and set the fire. Counterforce is not involved in this appeal. We are concerned only with A-1's motion for summary judgment.

Pursuant to the contract between A-1 and Majestic, A-1 had the authority to and did in fact subcontract the central office monitoring duties to Counterforce. Under the terms of that contract A-1 was not responsible for Counterforce's performance in this regard. Moreover, in the contract executed in November 1992, Majestic specifically acknowledged that Counterforce is not related to or part of A-1 and there is nothing in the record to establish that A-1 exercised any supervisory control over Counterforce's monitoring operation. Under these circumstances, A-1 established its entitlement to judgment as a matter of law (see, Lillis v City of New York, 226 AD2d 592; Troll v Schoonmaker Bros., 34 AD2d 1030). Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.