JOHN GADANI et al., Appellants-Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Defendants, and DEBRINO CAULKING ASSOCIATES, INC., Respondent-Appellant. (And a Third-Party Action.) [856 NYS2d 268]—

Spain, J. Cross appeals from an order and judgment of the Supreme Court (Teresi, J.), entered February 1, 2007 in Albany County, upon a verdict rendered in favor of plaintiffs.

This personal injury action, involving a slip and fall in a snow covered parking lot/construction zone during the renovations of Court of Appeals Hall in the City of Albany, previously has been before this Court (43 AD3d 1218 [2007]). At the time of his accident, plaintiff was employed as a mason by Marinello Construction Company, a subcontractor hired to complete the concrete and masonry work for the renovation project. Defendant DeBrino Caulking Associates, Inc. (hereinafter defendant) was the prime contractor hired by the owner of the property, defendant Dormitory Authority of the State of New York (hereinafter DASNY). Defendant BBL Construction Services, LLC was the construction manager for the project and defendant August Bohl Contracting Company had contracted to remove snow in the main access areas.

Plaintiff, and his wife derivatively, commenced a lawsuit against DASNY, BBL, defendant and others, and defendant brought cross claims against all other defendants (*see id.* at 1219). Following discovery, in May 2006, several defendants, including DASNY and BBL, moved for summary judgment dismissing all claims against them and Supreme Court granted the motion in its entirety. Defendant appealed from the order to the extent that it granted summary judgment to DASNY and BBL. After defendant unsuccessfully sought a stay from Supreme Court pending a decision on the appeal, a trial

proceeded solely against defendant. A jury verdict was rendered in February 2007 in favor of plaintiffs and judgment was entered in the amount of $214,000. Subsequently, in September 2007, this Court rendered a decision on defendant's appeal, partially reversing the order of Supreme Court, and reinstating the cross claims of defendant against DASNY and BBL (*id.*). Plaintiffs now appeal from so much of the jury verdict as denied plaintiff future damages, and defendant cross-appeals, seeking, along with other relief, a retrial on all issues relating to liability in light of the fact that DASNY and BBL were erroneously granted summary judgment prior to trial.

We must reverse and order a new trial. Although plaintiff did not appeal the dismissal of his complaint against DASNY and BBL and, thus, would not have an independent right to recover from them at this juncture, defendant did appeal and thus preserved his right to claim contribution and/or indemnification from those defendants. Our case law recognizes that, in the interest of justice, a verdict rendered against a sole defendant where the case should have been tried against multiple defendants cannot stand (*see Rocco v Dickstein*, 49 AD2d 649, 649-650 [1975]; *Bartholomew v New York Tel. Co.*, 35 AD2d 767, 768 [1970]; *Troll v Schoonmaker Bros.*, 34 AD2d 1030, 1031 [1970]; *Robinson v Terminal Frgt. Transp.*, 2 AD2d 510, 512 [1956]; *see also Camillo v Olympia & York Props. Co.*, 157 AD2d 34, 44-45 [1990]). In *Robinson v Terminal Frgt. Transp. (supra)*, for example, all but one of the defendants in a motor vehicle accident action had obtained a jury verdict in their favor. The other defendant, Edward Gay, had been granted a directed verdict in his favor by the court. After analyzing only the directed verdict, we held that the trial court erred in granting judgment to Gay. However, we ordered a new trial against all defendants because "[t]o require Gay to be the sole defendant at this trial would throw the case out of proper perspective. . . . In the interests of justice, the case against the defendants other than Gay should be re-evalued by the same jury who pass upon the case against Gay" (*id.* at 512). Defendant's right to seek contribution from BBL or DASNY in a separate trial will not sufficiently protect defendant's rights, as the verdict against defendant may well have been impacted by the fact that it was the sole defendant placed before the jury (*see Camillo v Olympia & York Props. Co.*, 157 AD2d at 44-45). Further, as a practical matter, a trial solely on apportionment of the jury verdict between defendant, BBL and DASNY would deprive BBL and DASNY of the opportunity to challenge the amount of damages to be apportioned and to argue comparative fault by plaintiff John Gadani. Under these unique circumstances, we hold that

the verdict must be set aside and a new trial ordered against defendant, BBL and DASNY.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.