■ DEBRA SILVERBERG, Appellant, v ROBERT PALMERINO et al., Respondents. [876 NYS2d 220]—

Stein, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered June 21, 2007 in Albany County, which granted defendant Muriel Hausler's motion for summary judgment dismissing the complaint against her, and (2) from a judgment of said court (McNamara, J.), entered June 17, 2008 in Albany County, upon a verdict rendered partially in favor of the remaining defendants.

The residential properties located at 899 and 895 Mercer Street in the City of Albany, owned by defendants Robert Palmerino and Deborah Palmerino (hereinafter collectively referred to as defendants) and defendant Muriel Hausler, respectively, share a common driveway. On January 21, 2004, plaintiff—then a second-floor tenant of defendants—slipped and fell on ice in the driveway, prompting her to commence this action against Hausler and defendants alleging that the injuries she sustained were the result of their negligence in maintaining the driveway. Supreme Court (Teresi, J.) granted Hausler's motion for summary judgment dismissing the complaint against her on the basis that she owed no duty of care to her neighbors' tenant.*

Following a trial, which proceeded solely against defendants, a jury determined that plaintiff's fall was 60% the result of her own negligence and 40% the result of defendants' negligence. The jury's $15,000 award to plaintiff for past pain and suffering was consequently reduced—after factoring in her comparative fault—to $6,000, and she was awarded no damages for future pain and suffering. Plaintiff's motion to set aside the jury verdict was denied by Supreme Court (McNamara, J.) and these consolidated appeals—wherein plaintiff asserts that Supreme Court erroneously granted Hausler's motion for summary judgment and that the jury's determinations were against the weight of the evidence—ensued.

Inasmuch as we agree that Hausler was improperly awarded summary judgment, we must reverse and order a new trial (*see Gadani v Dormitory Auth. of State of N.Y.*, 50 AD3d 1303, 1304 [2008]). A movant seeking summary judgment "is required to establish by competent and admissible evidence a prima facie entitlement to [such] judgment" (*Howard v J.A.J. Realty Enters.*, 283 AD2d 854, 855 [2001]). Here, Hausler's motion for summary judgment was predicated exclusively on her assertion

* The sole basis for Supreme Court's determination was that plaintiff's fall occurred on defendants' side of the boundary line separating the properties, which purportedly ran down the center of the driveway.

that she could not be held liable for plaintiff's injuries because she did not own the property on which plaintiff fell. She met her initial burden of establishing a prima facie entitlement to judgment on that basis, thus shifting the burden to plaintiff to demonstrate a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

It is well settled that, in addition to ownership, occupancy or special use, liability for a dangerous or defective condition on property may be predicated upon a party's exercise of control over the premises on which the accident occurred (*see Saunders v Bryant's Towing*, 27 AD3d 992, 993-994 [2006]). Here, in opposition to Hausler's motion for summary judgment, plaintiff and defendants offered evidence that Hausler had assumed some responsibility for maintenance of the entire driveway, including snow removal. Specifically, the sworn written statements and/or deposition testimony of Hausler and defendants demonstrated that they had entered into a relationship whereby they shared maintenance responsibilities for the driveway, including repair, repaving and snow removal, and that they evenly shared the costs thereof.

Further, Hausler acknowledged that the driveway was "a hill," which required the regular administration of salt in the winter because driving up it was "always a problem." Hausler also testified at her deposition that, prior to her husband's death, he had been the one to hire a contractor to remove the snow from the driveway. The same contractor performed the removal services in January 2004. Although it was unclear who actually hired the contractor in January 2004, Hausler testified that she paid him in full for his snow removal services and that defendants reimbursed her for half of the costs at the end of the year. She further stated that she did not expect the contractor to distribute salt, sand or deicer on the driveway; rather, if it was too icy, "somebody," including herself, would administer such materials. Notably absent from Hausler's deposition testimony was any indication that her attempts to deice the driveway were strictly limited to "her" side. Indeed, she indicated that the driveway was so narrow she "hit the walls" when driving up it.

"Viewing the [foregoing] evidence in a light most favorable to plaintiff and affording her every favorable inference" (*Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315 [2007] [citation omitted]), we conclude that Hausler's motion for sum-

mary judgment should not have been granted because issues of fact exist as to the nature of her control over the subject property (see Arsenault v Regan Trust, 263 AD2d 754, 755 [1999]). Inasmuch as the jury's verdict against defendants may well have been impacted by the fact that they were the sole defendants before it and because Hausler is entitled to an opportunity to argue plaintiff's comparative fault and to challenge the amount of damages, if any, to be apportioned among her and defendants, a new trial is required (see Gadani v Dormitory Auth. of State of N.Y., 50 AD3d at 1304). In view of this conclusion, our consideration of plaintiff's remaining claims is unnecessary.

Mercure, J.P., Kane and Malone Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, motion denied and matter remitted to the Supreme Court for a new trial, with costs to abide the event. [See 2007 NY Slip Op 31756(U).]