█ STEPHEN KOROLUCK, Appellant, v. GIORDANO'S SERVICE CENTER, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered October 6, 1969 in favor of defendants upon a jury verdict after a trial limited to the issues of liability. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion, the jury was confused as to applicable law, despite having been accurately charged by the learned trial court. After their deliberations the foreman of the jury informed the court that the jury had concluded that both sides were guilty of negligence. The statement of the foreman was improper in form and gratuitous, since only a general verdict was warranted in this case, no special questions having been submitted to the jury. Despite this, however, the statement by the foreman revealed a certain confusion on the part of the jury. Plaintiff was a passenger in a car driven by his wife, and co-owned by both of them. Defendant Bertolino was the driver of a car which crashed into the rear of plaintiff's car. Since the negligence of plaintiff's wife, if such existed, could not be imputed to plaintiff because of co-ownership

(*Winser* v. *Trombley*, 14 A D 2d 963), and since the record is devoid of any evidence as to plaintiff's contributory negligence, there was no basis for a jury's determination that plaintiff had been negligent. Upon being polled, 10 members of the jury stated there was no cause of action, one member stating he found for plaintiff, and one that he found for defendants. While there is ample basis in the record, in our opinion, to support a verdict of no cause of action, it was against the weight of the evidence to conclude that no cause of action existed since the jury indicated, though gratuitously, that its basis for such determination lay in the contributory negligence of plaintiff. The plaintiff passenger was reading certain business papers when the accident occurred and there is no evidence in the record to indicate that his wife was driving improperly so as to put him on notice. If there was negligence on her part, it was of a sudden and momentary nature, which plaintiff could not have expected. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.