■ ARLENE A. GOLDEN et al., Respondents, v TRANSPORT TAXI & LIMOUSINE SERVICE, LTD., et al., Defendants and Third-Party Plaintiffs-Appellants. SARAH FORAY et al., Third-Party Defendants-Respondents. — In a negligence and breach of contract of carriage action to recover damages for personal injuries, etc., the defendant third-party plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated March 23, 1982, which, after a jury trial, set aside a verdict in their favor, ordered a retrial of the plaintiffs' complaint against them, and dismissed their third-party complaint. Judgment modified, by deleting the third decretal paragraph thereof and thereupon reinstating the third-party complaint as against third-party defendant Sarah Foray. As so modified, judgment affirmed, without costs or disbursements. The court submitted four written interrogatories to the jury. Insofar as pertinent, the first interrogatory concerned the negligence, if any, of the appellant Worysz; the second interrogatory was directed to whether or not an automobile owned by third-party defendant Sarah Foray was present at the site of the accident. During deliberations, the jury sent two notes to the court, the second of which stated: "We cannot answer question number one with a blatant yes or no. We do feel that Michael Worysz and another vehicle were both at fault but we do feel that the Foray car was not at the scene." Despite the Trial Judge's careful instructions, the jury obviously was confused. The interrogatories were set forth in a logical order and only an affirmative answer to the first would require the jury to go on to consider the second. The jury's note indicated that it had answered the first question in the affirmative and the second in the negative. The court then offered another explanation of its charge, and the jury retired for further deliberation. The jury later returned with a negative answer to the first interrogatory. The court entered a verdict on that finding, but set it aside at a later date on plaintiffs' motion. The record supports the conclusion of the trial court that the jury obviously was confused. Although the jury's statement in its second note to the court was admittedly gratuitous, the court's decision to set aside the verdict and order a new trial was proper (see *Koroluck v Giordano's Serv. Center,* 34 AD2d 1013). However, the trial court erred in dismissing the third-party complaint as against Sarah Foray. Contrary to that court's statement in its order dated March 11, 1982, it was not "undisputed" that Sarah Foray's vehicle was not involved in the accident. Since it ordered a new trial on the issue of the appellants' liability to plaintiffs, the court should not have dismissed the third-party complaint against Sarah Foray (see, e.g., *Curran v Newport Assoc.,* 57 AD2d 882; *Rocco v Dickstein,* 49 AD2d 649; *Vathy v Rupp Rental Corp.,* 43 AD2d 892). Accordingly, the third-party complaint should be reinstated as against her. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.