■ MICHAEL R. KELLY et al., Respondents, v MARSTAN KOWSKY et al., Appellants. [750 NYS2d 392] —Appeals from an order of Supreme Court, Erie County (O'Donnell, J.), entered March 6, 2002, which denied defendants' motions seeking summary judgment dismissing the complaint.

Now, upon reading and filing the stipulation discontinuing appeal signed by the attorneys for defendants Marstan Kowsky and Nancy Kowsky on October 30, 2002, and for plaintiffs on October 31, 2002,

It is hereby ordered that the appeal by defendants Marstan Kowsky and Nancy Kowsky be and the same hereby is unanimously dismissed upon stipulation and the order insofar as appealed from is reversed on the law without costs, the motion is granted and the complaint against defendants Cash Realty of New York, Inc., Cash Auctions, Inc., and Cash Industrial Services, Inc. is dismissed.

Memorandum: Michael R. Kelly (plaintiff) was injured when he fell into a grass-filled hole while attending an auction on property owned by defendants Marstan Kowsky and Nancy Kowsky (Kowsky defendants). The auction, which was conducted by defendants Cash Realty of New York, Inc., Cash Auctions, Inc., and Cash Industrial Services, Inc. (Cash defendants), began at the house owned by the Kowsky defendants and continued at their barn. Plaintiff fell while following the auctioneer from the house to the barn. Plaintiffs commenced this action alleging that defendants had actual or constructive notice of the dangerous condition.

Supreme Court erred in denying the motion of the Cash defendants seeking summary judgment dismissing the complaint against them. Those defendants established as a matter of law that they had no actual or constructive notice of the alleged dangerous condition and thus met their initial burden on the motion, and plaintiffs failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562). In any event, even assuming, arguendo, that the Cash defendants had actual or constructive notice of the condition, we conclude that they nevertheless are entitled to summary judgment dismissing the complaint against them. "[A] defendant cannot be liable without supervision or control of

the general condition of the premises" (*Gambee v Dunford,* 270 AD2d 809, 810). Here, the Cash defendants had control over the auction itself but at no time did they supervise or control the general condition of the premises owned by the Kowsky defendants. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.