■ WILLIAM NELSON, Respondent, v CHELSEA GCA REALTY, INC., et al., Respondents, and GUESS?, INC., Appellant. (And a Third-Party Action.) [796 NYS2d 646]—

In an action to recover damages for personal injuries, the defendant Guess?, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 7, 2003, as denied those branches of its cross motion which were for summary judgment dismissing the cross claims of the defendants Chelsea GCA Realty, Inc., and Holt Construction Corp. for contribution and common-law indemnification insofar as asserted against it.

Ordered that the order is modified, on the law, by adding a provision thereto converting the cross claims asserted against the appellant by the defendants Chelsea GCA Realty, Inc., and Holt Construction Corp., into third-party claims against the appellant; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants-respondents.

On December 8, 1997, the plaintiff allegedly was injured when the ladder he was working on slipped, causing him to fall about 12 feet to the ground. At the time of the accident, the plaintiff was painting the exterior of a building under construction at an outlet shopping center, which was to be leased to Guess?, Inc. (hereinafter Guess). The plaintiff subsequently commenced this action against the shopping center's owner, Chelsea GCA Realty, Inc. (hereinafter Chelsea), the construction project's general contractor, Holt Construction Corp. (hereinafter Holt), and the prospective tenant, Guess, alleging violations of Labor Law § 240 (1) and § 241 (6). Both Chelsea and Holt asserted cross claims against Guess, inter alia, for contribution and common-law indemnification.

After discovery was conducted, the plaintiff moved for partial summary judgment against Chelsea and Holt on his Labor Law § 240 (1) claim, alleging that they violated this statute by failing to provide him with an adequately-secured and properly-placed ladder. Guess cross-moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it, contending that it could not be held liable for the plaintiff's injuries under Labor Law § 240 (1) and § 241 (6) because these provisions impose liability only upon owners, contractors, and their statutory agents. In response to the cross motion, the plaintiff withdrew his complaint insofar as asserted against Guess, conceding that Guess could not be held liable under Labor Law § 240 (1) and § 241 (6) because there was no evidence that it was a statutory agent of the owner or contractor. The Supreme Court granted the plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, finding that Chelsea and Holt were strictly liable for his injuries in their capacity as owner and general contractor, respectively.

With respect to the cross motion, the court noted that since the plaintiff withdrew his claims against Guess, that branch of Guess's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was academic. However, the court denied those branches of Guess's cross motion which were for summary judgment dismissing the cross claims asserted against it by Chelsea and Holt, concluding, in essence, that the plaintiff's deposition testimony raised an issue of fact as to what role the negligence of a Guess employee may have played in the accident. Guess appeals from so much of the order as denied those branches of its cross motion which were for summary judgment dismissing the contribution and common-law indemnification cross claims insofar as asserted against it by Chelsea and Holt.

Although there is no longer a direct action pending against Guess, claims for indemnification and contribution may be maintained in a third-party action (*see Arcuri v Ramos*, 7 AD3d 741 [2004]; *Jones v New York City Hous. Auth.*, 293 AD2d 371 [2002]; *Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301 [2001]). Accordingly, the cross claims asserted by Chelsea and Holt are deemed converted to third-party claims.

Guess contends that it cannot be held liable for the plaintiff's injuries under Labor Law § 240 (1) because it was not a statutory agent of an owner or contractor, and that Chelsea and Holt therefore do not have valid claims for contribution and common-law indemnification against it. We disagree. The "critical requirement" of a valid third-party claim for contribution is that "the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (*Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]; *see Raquet v Braun*, 90 NY2d 177 [1997]; *Rosner v Paley*, 65 NY2d 736 [1985]). Thus, "contribution is available 'whether or not the culpable parties are allegedly liable for the injury under the same or different theories' " (*Raquet v Braun, supra* at 183, quoting *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra* at 603). "Similarly, the key element of a common-law cause of action for indemnification" is a duty owed from the indemnitor to the indemnitee arising from "the principle that 'every one is responsible for the consequences of his own negligence, and if another person has been compelled . . . to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him' " (*Raquet v Braun, supra* at 183, quoting *Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola*, 134 NY 461, 468 [1892]). Accordingly, the fact that

Chelsea and Holt have been determined to be liable to the plaintiff upon the theory that they violated Labor Law § 240 (1) does not necessarily preclude them from pursuing their claims for contribution and common-law indemnification on a different theory (*see Raquet v Braun, supra*). Since the subject claims are predicated upon a negligence theory rather than a violation of the Labor Law, dismissal was not warranted upon the ground that Guess was not a statutory agent subject to liability under Labor Law § 240 (1). Furthermore, the Supreme Court properly concluded that an issue of fact exists as to whether the alleged negligence of a Guess employee caused or contributed to the accident (*see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14*, 286 AD2d 744 [2001]; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.