■ CHRISTINA SEYMOUR, Respondent, v DAVID W. MAPES, INC., Appellant, and Estate of REX A. MICKLE, Respondent. [803 NYS2d 250]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered July 7, 2004 in Chenango County, which, inter alia, denied a motion by defendant David W. Mapes, Inc. for summary judgment dismissing the complaint against it.

In May 2001, the executor for defendant Estate of Rex Mickle (hereinafter the estate) entered into a contract with defendant David W. Mapes, Inc. (hereinafter defendant), through its principal, David W. Mapes (hereinafter Mapes), to conduct an auction of the estate's personal property on June 2, 2001 at the real property owned by the estate. Such contract did not detail how the auction was to be conducted but did provide that Mapes was to use his "best professional skills, knowledge and experience to prepare and conduct the auction."

Mapes obtained the keys to the property and visited the premises approximately four times prior to the auction. He testified that it was his normal procedure to inspect the house for safety hazards and "take care of" any dangerous conditions that he observed. On the day of the auction, Mapes constructed a tent on the property and had his employees move most of the contents of the house into the tent. To keep the public out of

the house while this transfer was organized, Mapes put up signs and possibly yellow tape to restrict access. After the items under the tent were sold, the auction continued inside the house; Mapes testified that he directed and supervised the public's movement.

Plaintiff fell in a room on the second floor after she caught her foot in a hole in the floor which was covered by newspapers and other materials. She sued both defendant and the estate to recover for her injuries. Defendant instituted a cross claim against the estate and the estate instituted a cross claim against defendant. Both defendant and the estate moved for summary judgment while the estate further sought a dismissal of defendant's cross claim. Supreme Court denied both motions and only defendant appeals.

"Because a finding of negligence must be based on the breach of a duty, a threshold question . . . is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002] [citation omitted]). Liability for an injury caused by a dangerous or defective condition on property " 'is generally predicted upon ownership, occupancy, control or special use of the property . . . . Where none is present, a party cannot be held liable" (*Minott v City of New York*, 230 AD2d 719, 720 [1996], quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]). Here, the contract between the estate and defendant did not specify that defendant would assume the estate's duty to maintain the safety of the premises. Moreover, even if a contractual obligation could be presumed, such obligation "standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs., supra* at 138). Thus, the matter distills to a question of whether defendant, as the contracting party, could be found to have "entirely displaced the [estate's] duty to maintain the premises safely" (*id.* at 140). While Mapes testified that it was his practice to correct any safety conditions that he observed in preparation for the auction, and the evidence reveals that he controlled the premises while moving contents to set up for the auction, there is no indication that defendant entirely displaced the estate's responsibility for safety. Although the Court of Appeals has articulated that such a duty could be imposed upon a party to a contract, thereafter extending liability to a third party (*see id.* at 139), such exception was based upon a contract, wholly different from the contract here (*see Church v Callanan Indus.*, 99 NY2d 104, 113 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]). The mere fact that Mapes was provided with a key to complete

defendant's contractual obligations does not raise a question of fact (*see Kelly v Kowsky*, 299 AD2d 865, 865-866 [2002]). Moreover, even if it was ultimately found that defendant breached its contractual obligation to the estate, no cognizable duty would inure to plaintiff.*

We next address Supreme Court's denial of the estate's motion for summary judgment against defendant. Even in the absence of its appeal (*see Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 716 n [2005]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 469 n 2 [2003]), *lv dismissed* 100 NY2d 640 [2003]), we find no basis upon which we would reverse the determination rendered in light of the reasons underlying our grant of summary judgment to defendant.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant David M. Mapes, Inc.; motion granted, summary judgment awarded to said defendant and complaint and cross claim dismissed against it; and, as so modified, affirmed.

---

* With defendant's claims against the estate predicated upon its liability to plaintiff, and with our dismissal of all claims by plaintiff against defendant, we dismiss defendant's cross claim against the estate.