■ ERIC MCIVER SNEDDON et al., Appellants, v KOEPPEL NISSAN, INC., et al., Respondents, et al., Defendants. [849 NYS2d 287]—

In an action to recover damages for personal injuries, etc., the infant plaintiff Eric McIver Sneddon and the plaintiff Jayne Sneddon appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 12, 2006, as granted those branches of the separate motions of the defendants Nissan North America, Koeppel Nissan, Inc., and Habberstad Nissan, Inc., which were to dismiss the complaint insofar as asserted against each of them by the infant plaintiff Eric McIver Sneddon on the ground of collateral estoppel.

Ordered that the appeal by the plaintiff Jayne Sneddon is dismissed, as she is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the infant plaintiff Eric McIver Sneddon on the law, and those branches of the separate motions of the defendants Nissan North America, Koeppel Nissan, Inc., and Habberstad Nissan Inc., which were to dismiss the complaint insofar as asserted against each of them by the infant plaintiff Eric McIver Sneddon on the ground of collateral estoppel are denied; and it is further,

Ordered that one bill of costs is awarded to the infant plaintiff payable by the respondents.

In June 1996 the infant plaintiff Eric McIver Sneddon was struck by a Nissan Pathfinder vehicle when the vehicle suddenly accelerated while the driver was attempting to park. In a previous action (hereinafter Sneddon 1) asserted solely against the driver and the owner of the vehicle for damages caused by the driver's negligence, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of the liability of the driver and owner. In deciding that motion, the Supreme Court added that the driver's negligence was the "sole proximate cause" of the infant's plaintiff's injuries. The parties thereafter entered into a settlement agreement and an infant's compromise order was entered.

Two years later, the plaintiffs commenced the instant action against, among others, the respondents, who were not parties to the original action, asserting, inter alia, causes of action alleging products liability and negligent repair. The Supreme Court dismissed the complaint on the ground that the issue of liability was determined in Sneddon 1, and the plaintiffs were collaterally estopped from asserting that anything other than the driver's negligence caused the infant's injuries.

Collateral estoppel, or issue preclusion, prohibits a party from relitigating an issue which was previously decided in a proceeding in which that party had a full and fair opportunity to fully litigate the identical issue (see Jeffreys v Griffin, 1 NY3d 34, 39 [2003]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). Preclusive effect may be given to an issue only when it is clear that the issue was necessarily decided in the prior proceeding (see Jeffreys v Griffin, 1 NY3d at 39).

Contrary to the determination of the Supreme Court and the respondents' contention, the doctrine of collateral estoppel is not a bar here. The only necessary determination in Sneddon 1 was that the driver's negligence was a proximate cause of the infant plaintiff's injury, to which the infant plaintiff did not contribute. By contrast, here, the issues raised are whether the alleged manufacturing defect or negligent repair of the vehicle

were also proximate causes of the infant plaintiff's injuries. The Sneddon 1 issues and the issues raised in the current action are discrete and not identical. Thus, the plaintiffs are not barred from litigating the current issues (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Lombardi v Giannattasio*, 192 AD2d 512, 513 [1993]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.