■ JOHN GADANI et al., Respondents, v DORMITORY AUTHORITY OF STATE OF NEW YORK et al., Respondents, and DEBRINO CAULKING ASSOCIATES, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [884 NYS2d 489]—

Spain, J.P. Appeal from a judgment of the Supreme Court (McDonough, J.), entered September 29, 2008 in Albany County, upon a verdict rendered in favor of plaintiffs.

Seeking to recover for personal injuries he sustained when he slipped on ice and snow outside a mixing shanty at his work site in January 2003, plaintiff John Gadani (hereinafter plaintiff) and his wife, derivatively, commenced this action against landowner Dormitory Authority of the State of New York (hereinafter DASNY), snow removal contractor August Bohl Contracting Company (hereinafter Bohl), masonry prime contractor DeBrino Caulking Associates, Inc. (hereinafter defendant), project manager BBL Construction Services, LLC, and safety inspection contractor Landon & Rian Enterprises, Inc. (hereinafter L & R), alleging common-law negligence and Labor Law violations. Defendant asserted cross claims against its codefendants, seeking indemnification or contribution in the event that defendant was found liable to plaintiffs.

Thereafter, DASNY, Bohl, BBL and L & R successfully moved for summary judgment dismissing all claims and cross claims against them. Plaintiffs did not pursue an appeal of those grants of summary judgment, but defendant appealed the grant of summary judgment to DASNY, BBL and Bohl. In resolving the first of now three appeals to this Court in this action, we modified Supreme Court's order by reinstating defendant's cross claims against DASNY and BBL because we found that issues of fact existed as to whether they could have been found liable to plaintiff, rendering them potentially liable to defendant for contribution and/or indemnification (43 AD3d 1218, 1221-1222 [2007]). Meanwhile, Supreme Court (Teresi, J.) had denied defendant a stay pending appeal and held a trial against only defendant, resulting in a 2007 jury verdict in favor of plaintiffs.

Defendant then appealed from the judgment entered upon the 2007 verdict. In light of our previous decision holding that

issues of fact existed as to DASNY's and BBL's potential liability, we found that the verdict against defendant may have been impacted by the fact that it was the sole defendant placed before the jury. Accordingly, we reversed and ordered a new trial wherein a jury would have the opportunity to consider and apportion fault between plaintiff, defendant, DASNY and BBL; this permitted consideration of defendant's liability to plaintiffs within the context of the other parties alleged to be at fault, while also giving DASNY and BBL the opportunity to argue plaintiff's comparative fault and contest the amount of damages (50 AD3d 1303, 1303-1304 [2008]). Because plaintiffs did not appeal Supreme Court's grant of summary judgment to DASNY and BBL, plaintiffs had no independent right to directly recover from DASNY or BBL in that second trial. Nevertheless, an analysis of any role that those parties played in causing plaintiff's injuries was necessary to ascertain the validity of defendant's cross claims for contribution and/or indemnification (*id.* at 1304).

Upon remittitur, Supreme Court (McDonough, J.) held another trial on the matter in which DASNY and BBL were restored as third-party defendants. The jury found defendant to be 100% at fault and awarded plaintiffs $160,000 in noneconomic damages, plus medical expenses and lost wages. Defendant appeals from the judgment entered upon the verdict.

As an initial matter, we reject defendant's assertion that Supreme Court erred in making DASNY and BBL third-party defendants as opposed to primary defendants. In resolving defendant's 2007 appeal, because plaintiffs had lost their opportunity to enforce direct claims against DASNY and BBL, we reinstated only defendant's cross claims, and not plaintiffs' direct claims, against DASNY and BBL (43 AD3d at 1221-1222; *see Klinger v Dudley*, 41 NY2d 362, 368 [1977]). On retrial, therefore, Supreme Court appropriately asked the jury to consider first the liability of defendant to plaintiffs, and only in the event that it found defendant to be liable to proceed to consider the potential liability of third-party defendants, DASNY and BBL (*see Nelson v Chelsea GCA Realty, Inc.*, 18 AD3d 838, 840 [2005]; *Jones v New York City Hous. Auth.*, 293 AD2d 371, 371-372 [2002]). In this manner, the jurors could consider the potential liability of all parties but were prevented from reaching an unenforceable verdict finding defendant not liable but assigning liability to DASNY and/or BBL (*see Mowczan v Bacon*, 92 NY2d 281, 285 [1998]; *Klinger v Dudley*, 41 NY2d at 368-369; *Johnson v Plotkin*, 172 AD2d 88, 90 [1991], *lv dismissed* 79 NY2d 977 [1992]).

We do find reversible error, however, in the charge given to the jury. At the close of proof, defendant requested that the jury be instructed as to DASNY's and BBL's duty under Labor Law § 200 and, in the alternative, as to DASNY's potential liability to plaintiffs as a landowner, such that the jury could apportion the fault between defendant and said third-party defendants. Supreme Court declined on the ground that defendant did not have, and had not asserted,* any direct claims against DASNY or BBL under Labor Law § 200 or against DASNY as landowner. Instead, the court—as to DASNY and BBL—charged the jury on common-law negligence, but then specifically charged that the duty to use reasonable care to maintain a safe workplace, as codified under Labor Law § 200, "applies in this case only to defendant."

On the first appeal in this action, we reinstated defendant's cross claims against DASNY and BBL because, despite plaintiffs' failure to appeal, those defendants remained potentially liable to defendant for contribution and/or indemnification (43 AD3d at 1220-1222). Critically, defendant's claims of contribution and/or indemnification are premised on the theory that DASNY and BBL contributed to plaintiff's injuries, thus the viability of defendant's third-party claims requires an analysis of DASNY's and BBL's liability to *plaintiffs*, even though plaintiffs cannot enforce any claim against them (*see Nelson v Chelsea GCA Realty, Inc.*, 18 AD3d at 840). Thus, Supreme Court's focus on *defendant's* ability to directly assert Labor Law or landowner claims against third-party defendants was misplaced, as the premise of the contribution claims flows from the potential, albeit not directly enforceable, liability of DASNY and BBL to *plaintiffs* (*see id.* at 840-841).

Indeed, by failing to instruct the jury on DASNY's and BBL's duty to plaintiff, Supreme Court effectively foreclosed the jury from fully considering the potential fault of DASNY and/or BBL in causing plaintiff's injuries. The instruction that the court gave on common-law negligence was insufficient to render this error harmless. " 'Because a finding of negligence must be based on the breach of a duty, a threshold question . . . is whether the alleged tortfeasor owed a duty of care to the injured party' " (*Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005],

---

* It is immaterial that defendant did not specifically plead Labor Law § 200 within its cross claim. As original parties to the action, DASNY and BBL had been served with copies of the amended complaint, and defendant's cross claim effectively incorporates by reference the nature of plaintiffs' claims by alleging that, to the extent defendant is "responsible, culpable and negligent *as alleged in the Amended Complaint*" (emphasis added), such culpability is shared by DASNY and BBL, among others.

quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Strauss v Belle Realty Co.*, 65 NY2d 399, 402 [1985]). Although the existence of a duty is a question of law to be determined by the courts (*see St. Andrew v O'Brien*, 45 AD3d 1024, 1025 [2007], *lv dismissed and denied* 10 NY3d 929 [2008]), the factfinder must be instructed on the nature and scope of such duty so as to ascertain any breach thereof. As relevant here, common-law "[l]iability for an injury caused by a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property . . . . Where none is present, a party cannot be held liable" (*Seymour v David W. Mapes, Inc.*, 22 AD3d at 1013 [internal quotation marks and citations omitted]). Here, the jury was never informed of any basis upon which to find that DASNY or BBL owed plaintiff a duty to maintain the work site in a reasonably safe condition and, accordingly, it had no avenue upon which to find them liable for contribution to defendant (*see Franklin v Carpinello Oil Co.*, 84 AD2d 613, 613-614 [1981]). If any doubt remained about the critical nature of this error, the jury's query during deliberations seeking a read back of "the New York State law regarding responsibility of the safety of the workplace," which was answered by the Labor Law § 200 instruction covering only the duty of defendant, renders it absolutely clear that the jury was forced to consider only defendant's responsibility to provide a safe work environment.

While these errors necessitate another trial, we do not find that the interests of justice require a third trial on all issues (*cf. Troll v Schoonmaker Bros.*, 34 AD2d 1030, 1031 [1970]; *Robinson v Terminal Frgt. Transp.*, 2 AD2d 510, 512 [1956]). In this second trial, all parties had a full and fair opportunity to establish plaintiff's comparative fault and no error has been identified on appeal with the jury's finding that plaintiff was not negligent. Likewise, no party claims any error with respect to the amount of damages awarded plaintiffs at this trial; indeed, both defendant and plaintiffs have expressly declined to seek a new trial on the issue of damages. Further, no specific error has been identified in regard to the jury's conclusion that defendant's negligence was a proximate cause of plaintiff's injuries. Unlike the situation that faced this Court in the prior appeal (50 AD3d 1303, 1304 [2008], *supra*), DASNY and BBL fully participated in this second trial and defendant had the opportunity to present its case against each of those parties as well as against plaintiffs.

Nevertheless, because the erroneous jury instructions prevented the jury from ascertaining the percentage of liability,

if any, of DASNY and/or BBL, the matter must be remitted for a new trial solely on that issue. Accordingly, the jury verdict against defendant in favor of plaintiffs will stand. We decline to address the applicability of CPLR article 16 prior to retrial and the trial court's determination on that issue, if necessary.

Kane, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found defendant DeBrino Caulking Associates, Inc. 100% at fault; matter remitted to the Supreme Court for a new trial on the issue of the responsibility, if any, of the Dormitory Authority of the State of New York and/or BBL Construction Services, LLC to contribute and indemnify DeBrino in connection with the verdict against it as established in the judgment; and, as so modified, affirmed.