In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered January 2, 2009, as granted the motion of the defendants Peter Charles Associates, Ltd., Peter Charles Lopipero, and Diane R. Lopipero to dismiss the sixth cause of action of the amended complaint and directed them to file with the Nassau County Clerk a cancellation of the notice of pendency filed against the marital residence of the defendants Peter Charles Lopipero and Diane R. Lopipero.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs’ contention, the doctrine of collateral estoppel is inapplicable to the instant case, as there was no prior action in which the respondents had a full and fair opportunity to litigate the issues raised in the sixth cause of action of the amended complaint (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Sneddon v Koeppel Nissan, Inc., 46 AD3d 869, 870 [2007]; G. Rama Constr. Enters., Inc. v 80-82 Guernsey St. Assoc., LLC, 43 AD3d 863, 865 [2007]; Fischer v Sadov Realty Corp., 34 AD3d 632, 633 [2006]). The Supreme Court correctly determined that the sixth cause of action was rendered academic by the transfer of title to the marital residence back to the defendants Peter Charles Lopipero and Diane R. Lopipero. Accordingly, the sixth cause of action was properly dismissed, and the plaintiffs were properly directed to file a cancellation of the notice of pendency filed against the marital residence.
The plaintiffs’ remaining contentions are without merit. Covello, J.E, Santucci, Balkin and Austin, JJ., concur. [Prior Case History: 2008 NY Slip Op 33489(U).]