[941 NE2d 1155, 916 NYS2d 578]

PAT RODDY, Appellant, v NEDERLANDER PRODUCING COMPANY OF AMERICA, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.)

Decided December 21, 2010

### APPEARANCES OF COUNSEL

*Queller, Fisher, Washor, Fuchs & Kool, LLP,* New York City (*Jonny Kool* and *Barry A. Washor* of counsel), for appellant.

*Law Offices of Charles J. Siegel,* New York City (*Robert S. Cypher, Jr.,* of counsel), for Nederlander Producing Company of America, Inc., and another, respondents.

*Mischel & Horn, P.C.,* New York City (*Scott T. Horn* of counsel), for Abhann Productions, Inc., respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and plaintiff's complaint as against defendants

Nederlander Producing Company of America, Inc. and The Gershwin Theatre reinstated.

Plaintiff did not have a full and fair opportunity to litigate the issue of defendants' negligence. The issue of defendants' negligence was previously determined in an Appellate Division order granting defendants summary judgment on a third-party contractual indemnification claim against plaintiff's employer, third-party defendant Abhann Productions, Inc. Plaintiff had no interest in the outcome of the third-party indemnification claim. Plaintiff thus had neither incentive to litigate the motion for summary judgment nor adequate notice that the issue of defendants' negligence could be conclusively decided against him. Under these circumstances, the law of the case doctrine does not preclude plaintiff from litigating the issue of defendants' negligence.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.