■ JOHN GADANI et al., Plaintiffs, v DEBRINO CAULKING ASSOCIATES, INC., Defendant and Third-Party Plaintiff. DORMITORY AUTHORITY OF STATE OF NEW YORK et al., Third-Party Defendants and Fourth-Party Plaintiffs-Appellants-Respondents. MARINELLO CONSTRUCTION COMPANY, Fourth-Party Defendant-Respondent-Appellant. [926 NYS2d 724]—

Mercure, J.P.

The extensive procedural history of this action is chronicled in three prior decisions of this Court (*Gadani v Dormitory Auth. of State of N.Y.*, 64 AD3d 1098 [2009]; *Gadani v Dormitory Auth. of State of N.Y.*, 50 AD3d 1303 [2008]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218 [2007]). The underlying personal injury action involved a slip and fall on snow at a construction site during the renovation of Court of Appeals Hall in the City of Albany. As relevant here, plaintiff John Gadani and his wife, derivatively, commenced this action against masonry prime

contractor DeBrino Caulking Associates, Inc. (hereinafter defendant), as well as landowner Dormitory Authority of the State of New York and project manager BBL Construction Services, LLC (hereinafter collectively referred to as fourth-party plaintiffs). Fourth-party plaintiffs commenced an action against plaintiff's employer, subcontractor Marinello Construction Company (hereinafter fourth-party defendant).

In 2006, fourth-party plaintiffs were granted summary judgment dismissing all claims and cross claims against them, prompting the first appeal, which was taken only by defendant (43 AD3d 1218). We concluded that questions of fact existed regarding whether fourth-party plaintiffs could have been found liable to plaintiffs and, thus, liable to defendant for contribution or indemnification (*id.* at 1220-1221). We therefore reinstated defendant's cross claims against fourth-party plaintiffs (*id.* at 1221-1222).[1] In the interim, Supreme Court (Teresi, J.) held a trial solely against defendant, resulting in a jury verdict in plaintiffs' favor. Upon defendant's appeal from that verdict, this Court reversed and ordered the second trial to permit the jury to consider and apportion fault among plaintiff, defendant, and third-party plaintiffs (50 AD3d 1303). Although plaintiffs had no independent right to recover against fourth-party plaintiffs due to their failure to appeal the dismissal of the complaint against those parties, we concluded that "[d]efendant's right to seek contribution from [fourth-party plaintiffs] in a separate trial [would] not sufficiently protect [its] rights, as the verdict against defendant may well have been impacted by the fact that it was the sole defendant placed before the jury" (*id.* at 1304).

At the conclusion of the second trial, the jury found that fourth-party plaintiffs were not negligent and defendant was 100% at fault, and awarded plaintiffs $160,000 in damages. Evidently confused by the verdict sheet, the jury also found that fourth-party defendant was not negligent. On defendant's third appeal, this Court again reversed and directed a new trial, concluding that Supreme Court (McDonough, J.) erred in refusing to instruct the jury on fourth-party plaintiffs' duty under Labor Law § 200 to plaintiff (64 AD3d 1098). We therefore remitted for a third trial "on the issue of the responsibility, if any, of [fourth-party plaintiffs] to contribute and indemnify [defendant] in connection with the verdict against it" (*id.* at 1103). Prior to commencement of the third trial—which has been

---

1. Because *plaintiffs* had not pursued an appeal from the partial dismissal of the complaint, their claims were not reinstated, defendant's cross claims became a third-party action, and fourth-party plaintiffs' action against the employer became a fourth-party action (*see* 64 AD3d at 1100).

stayed pending resolution of this appeal—fourth-party defendant moved for summary judgment based upon law of the case. Supreme Court partially granted the motion, dismissing fourth-party plaintiffs' negligence claim upon its determination that this Court's most recent decision did not vacate the prior judgment in favor of fourth-party defendant. The court denied the motion insofar as it sought dismissal of the remaining cause of action for breach of contract. The parties cross-appeal, and we now reverse the dismissal of fourth-party plaintiffs' negligence claim.

Initially, we note that the "law of the case" doctrine is addressed to "the potentially preclusive effect of judicial determinations made in the course of a single litigation *before* final judgment" (*People v Evans*, 94 NY2d 499, 502 [2000]). It is "a concept regulating pre-judgment rulings made by courts of coordinate jurisdiction in a single litigation" (*id.* at 503). Here, inasmuch as fourth-party defendant seeks to enforce a jury verdict for plaintiffs in the underlying action that also purportedly resolved all claims against it, we agree with fourth-party plaintiffs that the issue herein is more aptly characterized as whether collateral estoppel applies, as opposed to law of the case.[2]

The equitable doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). The determination of an issue of law or fact will not be given preclusive effect unless "the issue [was] material to the first action or proceeding and essential to the decision rendered therein" (*id.*). The party asserting collateral estoppel has the burden of establishing "identity of the issue, while the opponent must demonstrate the absence of a full and fair opportunity to litigate" (*Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). In considering whether the opponent of collateral estoppel had a full and fair opportunity to litigate an issue, we must consider "the realities of the [prior] litigation, including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against" it (*Ryan v New York Tel. Co.*, 62 NY2d at 501 [internal quotation marks omitted]).

---

2. This Court made no reference to the fourth-party action or fourth-party defendant in our most recent decision (64 AD3d at 1098-1103), and nothing in our decision therein constitutes the law of the case with respect to the claims now raised before us (*see generally Raquet v Braun*, 90 NY2d 177, 182 [1997]).

Here, the verdict sheet instructed the jury to answer question nine—which asked whether fourth-party defendant was negligent—*only* if it found that fourth-party plaintiffs were negligent and that their negligence was a substantial factor in causing the accident. Fourth-party defendant acknowledges in its brief before us that the parties would have abandoned the fourth-party action if there were no damages to be paid by fourth-party plaintiffs and, furthermore, concedes that "the jury was not supposed to consider the issue if it found that neither of the fourth-party plaintiffs were liable." Nevertheless, although the jury found that fourth-party plaintiffs were not negligent, it then went on to find that fourth-party defendant was not negligent, as well.

Under these circumstances, the jury's finding with respect to fourth-party defendant was a superfluous act that had no legal effect (*see Files v Ken Goewey Dodge, Inc.*, 33 AD3d 1109, 1111 [2006], *lv denied* 8 NY3d 803 [2007]; *Pavlou v City of New York*, 21 AD3d 74, 76 [2005], *affd* 8 NY3d 961 [2007]; *Leal v Simon*, 147 AD2d 198, 206 [1989]). That is, the issue of fourth-party defendant's negligence was not "essential to the decision rendered" at the second trial and, thus, the jury's determination in that regard cannot be given preclusive effect (*Ryan v New York Tel. Co.*, 62 NY2d at 500; *see Sneddon v Koeppel Nissan, Inc.*, 46 AD3d 869, 870-871 [2007]). Considering "the realities of the litigation" in this case (*Jeffreys v Griffin*, 1 NY3d at 41 [internal quotation marks and citation omitted]), we cannot agree with Supreme Court that fourth-party plaintiffs were required to challenge the finding in favor of fourth-party defendant during the most recent prior appeal; the verdict in their favor rendered the fourth-party action moot (*see Ayala v Lockheed Martin Corp.*, 22 AD3d 394 [2005]). Having obtained full relief, fourth-party plaintiffs were not aggrieved and had neither grounds to appeal nor an incentive to challenge the verdict (*see* CPLR 5511; *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *see generally Roddy v Nederlander Producing Co. of Am., Inc.*, 15 NY3d 944, 946 [2010]). Finally, fourth-party defendant has made no showing that judgment was entered on the verdict in its favor, and it is settled that " '[n]either the verdict of a jury nor the findings of a court . . . upon the precise point involved . . . constitute a bar, unless followed by a judgment based thereon, or into which the verdict or findings entered' " (*Peterson v Forkey*, 50 AD2d 774, 774-775 [1975], quoting *Rudd v Cornell*, 171 NY 114, 128-129 [1902]; *accord Church v New York State Thruway Auth.*, 16 AD3d 808, 810 [2005]; *see Towne v Asadourian*, 277 AD2d 800, 801 [2000]).

In short, the error that required reversal and remittal for a third trial—the erroneous jury instruction that prevented the jury from properly ascertaining fourth-party plaintiffs' liability (64 AD3d at 1102-1103)—also would have undermined the jury's evaluation of fourth-party defendant's negligence, a question that should not have been reached by the jury in any event. Accordingly, fourth-party plaintiffs' negligence claim should not have been dismissed (*see Golden v Transport Taxi & Limousine Serv.*, 92 AD2d 882 [1983]). Fourth-party defendant's arguments advanced on its cross appeal have been considered and found to be lacking in merit.

Peters, Kavanagh and Stein, JJ., concur; Malone, J., not taking part. Ordered that the order is modified, on the law, with costs to fourth-party plaintiffs, by reversing so much thereof as partially granted fourth-party defendant's motion for summary judgment dismissing the fourth-party complaint; motion denied in its entirety; and, as so modified, affirmed.