Malone Jr., J.
Claimant commenced this action in 2007 seeking damages for injuries he suffered as a result of a motor vehicle accident that occurred at the crest of a hill on Spier Falls Road, also known as County Route 28, in the Town of Moreau, Saratoga County near a roadside parking/pull-off area. Claimant alleges, among other things, that defendant owns the land on which the pull-off area is located and that defendant negligently designed, constructed and maintained the area. Following joinder of issue and some discovery, defendant moved in 2008 for summary judgment dismissing the claim, which motion the Court of Claims apparently denied pending discovery. Following further discovery, defendant again moved in 2010 for summary judgment dismissing the claim. The court granted the motion and dismissed the claim, and claimant now appeals.
Generally, “ ‘[1]lability for an injury caused by a dangerous or defective condition on property is . . . predicated upon ownership, occupancy, control or special use of the property[.] . . . Where none is present, a party cannot be held liable’ ” (Gadani v Dormitory Auth. of State of N.Y., 64 AD3d 1098, 1102 [2009], quoting Seymour v David W. Mopes, Inc., 22 AD3d 1012, 1013 [2005]; accord Rackowski v Realty USA, 82 AD3d 1475, 1476 [2011]; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 675 [1999]). Here, in support of its motion for summary judgment, defendant provided sufficient admissible evidence to establish that it has never owned, maintained or otherwise controlled or made special use of the roadside pull-off, and that the pull-off is, or was formerly, owned and maintained by the Niag *1013 ara Mohawk Power Corporation.* This evidence satisfied defendant’s initial burden as the movant for summary judgment dismissing the claim (see Battaglia v Town of Bethlehem, 46 AD3d 1151, 1154 [2007]). Claimant’s evidence in opposition, including evidence that defendant may have cleared litter from the pull-off area and evidence that one of defendant’s agents had at times used the area to conduct bald eagle surveys, was insufficient to demonstrate that an issue of fact existed as to defendant’s ownership, control or special use of the area at issue (see Kiselis v Speculator Chamber of Commerce, 234 AD2d 677, 679 [1996]).
Finally, contrary to claimant’s assertion, the instant motion for summary judgment was not premature inasmuch as there is no indication that further discovery might reveal material facts that are in defendant’s exclusive possession (see Welsh v County of Albany, 235 AD2d 820, 822 [1997]). We will not review claimant’s proffered alternative basis for liability as it is raised for the first time on appeal (see Rielly v Naftal, 300 AD2d 811 [2002]), and his remaining contentions have been considered and found to be without merit.
Peters, PJ., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Claimant acknowledges that Spier Falls Road/County Route 28 is owned by Saratoga County.