Rosen v Kaplan (2018 NY Slip Op 03410)





Rosen v Kaplan


2018 NY Slip Op 03410


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525549

[*1]ADAM ROSEN, Appellant,
v
NINA KAPLAN, Respondent.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Assaf & Siegal, PLLC, Albany (David M. Siegal of counsel), for appellant.
Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Mackey, J.), entered June 20, 2017 in Albany County, which, among other things, denied plaintiff's motion for partial summary judgment.
Plaintiff (hereinafter the father) and defendant (hereinafter the mother) are the parents of two children (born in 2007 and 2010). In September 2014, the parties entered into a separation and settlement agreement (hereinafter the agreement), which was later incorporated into a divorce judgment. Pursuant to that agreement, the parties shared joint custody. In June 2015, the mother filed a petition in Family Court seeking sole custody of the parties' children. The father later moved to dismiss the petition based on a provision of the agreement that required the parties to attempt mediation prior to seeking court
intervention. It is unclear from this record whether Family Court (Rivera, J.) denied the motion outright or reserved decision on it. Following an evidentiary hearing, Family Court dismissed the petition because the mother had not met her burden of showing a change in circumstances and because she failed to comply with the agreement's mediation provision and no emergency existed that would permit her to circumvent an attempt at mediation.
The father commenced this action in Supreme Court alleging that the mother breached the agreement and that he was entitled to recover, as damages, his costs and counsel fees related to the Family Court proceeding. He moved for partial summary judgment on the issue of liability based on the doctrine of collateral estoppel, asserting that Family Court had already determined that the mother breached the mediation provision of the agreement. The mother cross-moved for, among other things, dismissal of the complaint. Supreme Court, among other things, denied the father's motion. He appeals.
Supreme Court properly denied the father's motion for partial summary judgment on liability. "Under the doctrine of collateral estoppel, a party is precluded from relitigating an issue when it was clearly raised in a prior action or proceeding and decided against that party in a final judgment on the merits after a full and fair opportunity to be heard" (Matter of State of New York [KKS Props., LLC], 149 AD3d 1317, 1318 [2017] [internal quotation marks and citations omitted]; see Town of Fort Ann v Liberty Mut. Ins. Co., 137 AD3d 1389, 1390 [2016]). "The determination of an issue of law or fact will not be given preclusive effect unless 'the issue was material to the first action or proceeding and essential to the decision rendered therein'" (Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 691 [2011] [brackets omitted], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Matter of State of New York [KKS Props., LLC], 149 AD3d at 1318-1319 [internal quotation marks and citation omitted]; see Matter of Dunn, 24 NY3d 699, 704 [2015]; Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d at 691).
In support of his motion, the father submitted, among other things, the agreement and Family Court's order that dismissed the mother's petition to modify custody. Family Court concluded that dismissal was required both because the mother failed to meet her burden of demonstrating a change in circumstances and because she failed to comply with the agreement's provision requiring the parties, "unless in a case of an emergency, . . . to attempt to resolve [any] issue [regarding the children] in mediation prior to seeking [c]ourt intervention."[FN1] Thus, the father met his initial burden of showing that his current argument that the mother breached the agreement "is identical to a material issue that was necessarily decided" in the Family Court proceeding (Griffin v AVA Realty Ithaca, LLC, 150 AD3d 1462, 1463 [2017]; see Matter of State of New York [KKS Props., LLC], 149 AD3d at 1319).
In opposition to the father's summary judgment motion, the mother raised questions of fact as to whether she was afforded a full and fair opportunity in Family Court to address whether she complied with the mediation provision or whether emergency circumstances existed as required by the agreement. The father had moved to dismiss the Family Court petition based on the mother's failure to first mediate the issues contained therein. The current record is unclear as to whether Family Court denied the motion outright, but, if the court did so, the mother would have had no reason to further address that provision of the agreement in Family Court. Thus, the mother raised triable issues of fact regarding whether collateral estoppel may be applied here. Accordingly, Supreme Court properly denied the father's motion seeking partial summary judgment.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The parties' divorce judgment, which incorporated the agreement, specifically granted the parties the option of bringing future applications "for modification, interpretation or enforcement" of the terms of the judgment in either Supreme Court or the appropriate Family Court. Thus, Family Court had jurisdiction to render its determination (see Family Ct Act § 652 [b]; cf. Matter of Michener v Metcalf, 99 AD2d 925, 925 [1984]).