Rotter v Ripka (2020 NY Slip Op 02859)





Rotter v Ripka


2020 NY Slip Op 02859


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


653182/16 11494 11493

[*1] Seth R. Rotter, Plaintiff-Respondent,
v
Alan S. Ripka, Defendant-Appellant, Paul J. Napoli, et al., Defendants.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Law Offices of Frederick J. Martorell, P.C., Brooklyn (Frederick J. Martorell of counsel), for respondent.



Judgment, Supreme Court New York County (Arthur F. Engoron, J.), entered December 11, 2018, in favor of plaintiff and against defendant in the amount of $452,498.63, and bringing up for review, an order, same court and Justice, entered November 20, 2018, which granted plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about June 25, 2019, which denied defendant's motion for reargument of the summary judgment motion, unanimously dismissed, without costs, as taken from an nonappealable order.
The IAS court properly determined that plaintiff established that the fees at issue were earned in connection with a matter identified on the parties' prior stipulation of settlement, and, therefore, he was entitled to half of the fees.
Defendant is correct that he is not bound by statements in the court's prior orders on the motion for summary judgment by two co-defendants, as he had no interest in those motions (see Roddy v Nederlander Producing Co. of Am., Inc., 15 NY3d 944, 946 [2010]). Moreover, because the prior orders were by the same Justice, law of the case did not apply (see People v Evans, 94 NY2d 499, 503 [2000]). Nevertheless, the record, including the complaint in the prior action and the stipulation, dispositively establish that defendant was sued in his personal capacity.
Finally, defendant's argument on reargument that the fee was improperly divided was directly contradicted by the express terms of the stipulation of settlement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK