Montana v David Markowitz Metal Co., Inc. (2020 NY Slip Op 04657)





Montana v David Markowitz Metal Co., Inc.


2020 NY Slip Op 04657


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


336 CA 19-01506

[*1]JAMES MONTANA AND APRIL MONTANA, INDIVIDUALLY AND AS HUSBAND AND WIFE, PLAINTIFFS,
v
DAVID MARKOWITZ METAL CO., INC. AND MARKOWITZ METALS GROUP, LLC, DEFENDANTS.
-
DAVID MARKOWITZ METAL CO., INC., THIRD-PARTY PLAINTIFF-RESPONDENT,
v
REVERE COPPER PRODUCTS, INC., THIRD-PARTY DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
GORDON & REES SCULLY MANSUKHANI, LLP, HARRISON, SHAUB, AHMUTY, CRITRIN & SPRATT, LLP, LAKE SUCCESS (CHRISTOPHER SIMONE OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered May 23, 2019. The order denied in part third-party defendant's motion for summary judgment dismissing the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced an action against, among others, David Markowitz Metal Co., Inc. (Markowitz) seeking damages for injuries sustained by James Montana (plaintiff), who was injured while cutting steel bands off of a bale of brass in the course of his employment with third-party defendant, Revere Copper Products, Inc. (Revere). Markowitz then commenced a third-party action against Revere seeking common-law contribution and indemnification. Revere moved for summary judgment dismissing the third-party complaint, and Supreme Court granted the motion with respect to the indemnification cause of action and denied the motion with respect to the contribution cause of action. Revere appeals, and we affirm.
"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations[, if any], or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries . . . [T]he remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors . . . All that is required for contribution is that two [parties] be held liable for the same personal injury" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 17 [2d Dept 2019] [internal quotation marks omitted]). "The critical requirement of a valid third-party claim for contribution is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought . . . Thus, contribution is available whether or not the culpable parties are allegedly liable for the injury under the same or different theories" (Nelson v Chelsea GCA Realty, Inc., 18 AD3d 838, 840 [2d Dept 2005] [internal quotation marks omitted]). Here, even assuming, arguendo, that Revere met its initial burden on the motion with respect to the [*2]common-law contribution cause of action, we conclude that Markowitz raised triable issues of fact to defeat that part of Revere's motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, Markowitz provided the expert affidavit of a mechanical engineer who provided several opinions, including that Revere did not have proper safety protocols in place to minimize the likelihood of injury to its employees, who were instructed to partially deconstruct a brass bale by removing some of the steel bands holding the bale together, and that Revere's instruction to remove some of the steel bands securing the bale created the risk that the baled metal could shift and fall on plaintiff or that the remaining bands could snap under the force of the compressed metal. Contrary to Revere's contention, "the expert . . . possessed . . . the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459 [1979]). Furthermore, the expert affidavit "was neither so conclusory or speculative, nor without basis in the record, as to render it inadmissible . . . Rather, [a]ny purported shortcomings in the affidavit went merely to the weight of the opinion" (Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724 [2d Dept 2010] [internal quotation marks omitted]; see Johnson v Pixley Dev. Corp., 169 AD3d 1516, 1520 [4th Dept 2019]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court