◼ ERIC J. HESCH, Respondent, v GEORGE R. SEAVEY, Doing Business as SEAVEY ENTERPRISES, Defendant, and JOHN R.

STAATS et al., Appellants.—Levine, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered February 27, 1992 in Albany County, which denied a motion by defendants John R. Staats and Joseph D. Bottisti for summary judgment dismissing the complaint against them.

Defendants John R. Staats and Joseph D. Battisti (hereinafter collectively referred to as defendants) were the owners of a four-unit apartment building in the City of Schenectady, Schenectady County, in which plaintiff was a tenant. Defendants entered into a written contract with Joseph E. Seavey, doing business as Seavey Enterprises (hereinafter Seavey), to install a furnace in the building.* In August 1988 Seavey, without supervision or assistance from defendants, began to install the furnace. Because Seavey's employee had not shown up to aid him, Seavey asked plaintiff for assistance in moving the furnace into the basement of the building. While the furnace was being carried down the stairs, it slipped and plaintiff's fingers were cut on the open sheet metal at the bottom of the furnace.

Plaintiff thereafter commenced this negligence action for damages for his personal injuries. Joseph Seavey was not named as a defendant. Following discovery, defendants moved for summary judgment on the grounds that they were not liable, as a matter of law, for the acts of Seavey and that plaintiff had failed to establish a triable issue of fact as to whether a defect in the property existed. Supreme Court denied the motion, and this appeal by defendant ensued.

It is undisputed that Seavey was acting as an independent contractor at the time plaintiff was injured. As such, defendants would ordinarily not be liable for his acts (see, McDonald v Shell Oil Co., 20 NY2d 160, 166; Besner v Central Trust Co., 230 NY 357, 362). The employer of an independent contractor, however, may be held liable for that contractor's acts if (1) the employer has assigned work to the independent contractor which the employer knew or had reason to know involved special dangers inherent in the work (see, Rosenberg v Equitable Life Assur. Socy., 79 NY2d 663, 668), (2) the plaintiff's injuries were caused by a defect in the premises created by the independent contractor when the employer is under a duty to keep the premises safe (see, Thomassen v J & K Diner, 152 AD2d 421, 424-425, appeal dismissed 76 NY2d 771), or (3) the employer had negligently hired an incompetent

---

* Plaintiff erroneously named George R. Seavey as a defendant, who is apparently since deceased.

contractor *(see, Bryant v Presbyterian Hosp.,* 304 NY 538, 541-542).

In the case at bar, plaintiff conceded in his deposition that he is not relying on a defect in the premises to establish defendants' liability. Therefore, the focus is on the existence of a triable issue of fact on whether defendants either contracted for inherently dangerous work or negligently hired an incompetent contractor. First, although the question of whether an activity is inherently dangerous is normally one of fact *(see, Rosenberg v Equitable Life Assur. Socy., supra,* at 670), there was nothing exceptional involved in the installation of the furnace in defendants' building, and the installation of a furnace is clearly not an activity in which there is danger inherent in the nature of the contract work. Additionally, defendants submitted evidence that they had hired Seavey on several prior occasions, and at no time did its work give any indication that it was incompetent. Therefore, the burden shifted to plaintiff to establish a triable issue of fact on these two exceptions to the general rule of nonliability *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff, however, failed to come forward with any probative evidence to sustain his burden, and defendants were therefore entitled to summary judgment dismissing the complaint against them *(see, supra).*

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants John R. Staats and Joseph D. Bottisti and complaint dismissed against said defendants.