■ Elizabeth Hendrickson et al., Respondents, v Charlene Ryan, Appellant. [692 NYS2d 519] —Carpinello, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered November 17, 1998 in Sullivan County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

In March 1997, plaintiffs were vacationing without charge at a house owned by defendant in Florida. The parties are related by marriage as defendant's daughter is married to plaintiffs' son. During her stay, plaintiff Elizabeth Hendrickson (hereinafter plaintiff) broke her arm as the result of a fall in defendant's backyard when she allegedly tripped over a lawn sprinkler head that had failed to retract into the ground, one of several that comprised the property's automatic sprinkler system.* Plaintiff and her spouse, derivatively, commenced this negligence action in Supreme Court, Sullivan County, the county in which all of the parties are domiciled. Following discovery, defendant moved for summary judgment dismissing the complaint. In the decision under review, Supreme Court first ruled that the law of Florida, as the place where the cause of action arose, would govern its adjudication of this matter. The court then denied defendant's motion for summary judgment dismissing the complaint.

Defendant appeals, contending that plaintiffs failed to show the existence of a triable issue of fact. We cannot agree. Under the laws of both this State and Florida, a landowner owes to individuals who are foreseeably present on the property a duty to maintain the premises in a reasonably safe condition and a duty to warn of concealed dangers of which the landowner is or should be aware (*see, Basso v Miller,* 40 NY2d 233, 241; *Houck*

---

* The record discloses that the sprinkler system had been altered by plaintiffs' son during a previous visit to defendant's house and it was apparently these alterations that resulted in the presence of the unretractable sprinkler head.

*v Monsanto Co.*, 609 So 2d 757, 759 [Fla]; *Pittman v Volusia County*, 380 So 2d 1192, 1193 [Fla]). Our review discloses that issues of fact persist in this matter as to whether defendant knew or should have known that the sprinkler head which tripped plaintiff was incapable of retracting and whether it was sufficiently concealed by the surrounding grass to pose a hazard to persons who walked across defendant's lawn, giving rise to a duty either to repair the sprinkler head or to warn guests of its presence. As these issues must be resolved before this matter can be fairly adjudicated, Supreme Court's order denying defendant's summary judgment motion should not be disturbed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.