■ PRISCILLA EICHELBAUM, Appellant, v DOUGLAS ELLIMAN, LLC, et al., Respondents. [859 NYS2d 145]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 11, 2007, which granted defendants' respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to raise an issue of fact responsive to defendant real estate brokers' prima facie showing that their only connection to the house in which plaintiff fell was to show it to prospective buyers, such as plaintiff, and that they therefore owed plaintiff no duty to make the house safe (*see Pirie v Krasinski*, 18 AD3d 848, 850 [2005]; *Meyer v Tyner*, 273 AD2d 364, 365 [2000]). Defendant owners were properly granted summary judgment in the absence of evidence—responsive to their prima facie showing that the prefinished shiny wood floor had never been waxed or polished after installation and was mopped with only a small amount of water—that the floor was slippery for reasons other than its inherent smoothness (*see Murphy v Conner*, 84 NY2d 969, 971-972 [1994]). For the same reason it does not avail plaintiff that defendants may have had notice of the inherent slippery nature of the floor, i.e., any danger due to smoothness would have been as apparent to her as to defendants (*see DeMartini v Trump 767 5th Ave., LLC*, 41 AD3d 181, 182 [2007]), it does not avail plaintiff to argue that defendants created or exacerbated the danger by requesting her to remove her shoes on entering the house. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ. [*See* 2007 NY Slip Op 31624(U).]