■ DAVID BIRCH, Appellant, v WILLIAM W. McGHEE et al., Respondents. [916 NYS2d 241]—

McCarthy, J. Appeals (1) from that part of an amended order of the Supreme Court (Donohue, J.), entered April 7, 2009 in Columbia County, which granted a cross motion by defendant Hudson City Taxi, Inc. for summary judgment dismissing the complaint against it, and (2) from an order of said court (Czajka, J.), entered July 6, 2010 in Columbia County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff and defendant William W. McGhee signed a lease providing that McGhee would rent premises owned by plaintiff for use as an office and garage. McGhee was president and sole shareholder of defendant Hudson City Taxi, Inc., although the lease did not mention that corporate entity or indicate that McGhee signed in a representative capacity. While nonparty William Johnson was in the garage replacing a fuel pump on a vehicle owned by Hudson City Taxi, an explosion occurred which resulted in damage to the building.

Plaintiff commenced this action against McGhee and Hudson City Taxi alleging causes of action for breach of contract and tortious destruction of property. Following joinder of issue, plaintiff moved for summary judgment against both defendants and Hudson City Taxi cross-moved for summary judgment dismissing the complaint against it. Supreme Court (Donohue, J.) denied plaintiff's motion and granted Hudson City Taxi's cross motion. At the conclusion of plaintiff's case during the nonjury trial, Supreme Court (Czajka, J.) granted McGhee's motion to dismiss the complaint. Plaintiff appeals.

Supreme Court (Donohue, J.) properly denied plaintiff's motion for summary judgment and granted Hudson City Taxi's cross motion. To support his motion, plaintiff submitted his own affidavit, the lease and hearsay documents. Plaintiff had no personal knowledge regarding the cause of the explosion and the double hearsay in the police investigation report did not constitute admissible evidence to support his motion (*see Coleman v Maclas*, 61 AD3d 569, 569 [2009]). As this evidence was insufficient to entitle him to judgment as a matter of law, the court correctly denied his motion. Hudson City Taxi was not a party to, nor mentioned in, the lease, thereby eliminating any possible liability by that entity for breach of contract (*see Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 678 [2009]; *Village of Webster v Monroe County Water Auth.*, 269 AD2d 781, 782 [2000]; *Won's Cards v Samsondale/Haverstraw Equities*, 165 AD2d 157, 162 [1991]). Concerning the tort cause of action, Hudson City Taxi presented proof that Johnson was an inde-

pendent contractor and that neither defendant directed or controlled how he performed his work. Hudson City Taxi thus established facts to apply the general rule that a business is not liable for the negligent acts of an independent contractor (*see Luksik v 27 Prospect Park W. Tenants Corp.*, 19 AD3d 557, 557 [2005]; *Berger v Dykstra,* 203 AD2d 754, 754 [1994], *lv dismissed and denied* 84 NY2d 965 [1994]). Plaintiff did not show that any exceptions to that rule apply (*see Hesch v Seavey,* 188 AD2d 808, 809-810 [1992]), rendering Hudson City Taxi entitled to summary judgment dismissing the complaint against it.

At trial, plaintiff presented testimony from McGhee and himself, along with the lease and one other document. Johnson did not testify, nor did the other individual who was present in the building when the explosion occurred. None of the evidence explained, from anyone with firsthand knowledge, how the building was apparently destroyed. Thus, plaintiff failed to prove that McGhee was liable for any ensuing damage. Although the lease required McGhee to "surrender the premises in as good condition as they were received," there is no proof in the record to establish the value of the property before or after the explosion. Even if we assume that McGhee was responsible for the explosion, the trial record does not contain proof that plaintiff suffered any loss nor provide any way to assess the amount he should recover in damages, because plaintiff failed to present any proof that the value of his property was diminished as a result of the explosion or establishing the amount of that diminution of value. Based on the paucity of the evidence, Supreme Court (Czajka, J.) did not err in dismissing the complaint due to the utter lack of proof.

Supreme Court did not err in denying plaintiff's request for a postponement of the trial, as that request was made on the day of trial and he failed to offer any explanation to support the request. Finally, contrary to plaintiff's assertions, the court's evidentiary rulings were proper.

Cardona, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the amended order and order are affirmed, without costs.