■ Richard Rackowski, Appellant, v Realty USA, Respondent, et al., Defendant. [920 NYS2d 435]—

Malone Jr., J.

In September 2004, plaintiff was injured by a hatch door while he was descending into a basement of a home for sale during an open house that was hosted by a salesperson associated with defendant Realty USA (hereinafter defendant). Plaintiff thereafter commenced this action against defendant and the seller of the home seeking damages for his injuries.* Following discovery, defendant successfully moved for summary judgment dismissing the complaint against it, and plaintiff appeals.

We affirm. " '[L]iability for an injury caused by a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property [and] [w]here none is present, a party cannot be held liable' " (*Gadani v Dormitory Auth. of State of N.Y.*, 64 AD3d 1098, 1102 [2009], quoting *Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005]; *see Battaglia v Town of Bethlehem*, 46 AD3d 1151, 1154 [2007]; *see also Butler v Rafferty*, 291 AD2d 754, 755-756 [2002], *affd* 100 NY2d 265 [2003]). Here, defendant demonstrated that it listed the property for sale with an independent salesperson associated with defendant who had advertised the sale and hosted an open house, with the homeowners present. Under these circumstances, defendant's connection to the property is insufficient to support a finding that defendant occupied or controlled it (*see Schwalb v Kulaski*, 29 AD3d 563, 564 [2006]; *Pirie v Krasinski*, 18 AD3d 848, 850 [2005]). Accordingly, defendant had no duty to warn plaintiff of any alleged danger the hatch door may have posed (*see Hendrickson v Ryan*, 262 AD2d 930, 930 [1999]).

Regarding plaintiff's claim that defendant is liable for any alleged negligence of the salesperson who hosted the open house, defendant presented sufficient proof, which was not refuted by plaintiff, to establish that the salesperson was an independent contractor and that it did not direct and control her work (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *Birch v McGhee*, 79 AD3d 1296, 1297-1298 [2010]). As such, the general rule that principals are insulated from the liability for acts of an independent contractor is applicable here

---

* Apparently, the seller of the house was never served and, thus, the action proceeded solely against defendant.

(*see Birch v McGhee*, 79 AD3d at 1298). We are unpersuaded by plaintiff's contentions that conducting an open house is an inherently dangerous activity and that, as a result, an exception to the general rule applies (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d at 381). Accordingly, we agree with Supreme Court that defendant was entitled to summary judgment dismissing the complaint against it.

Plaintiff's remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Peters, Spain and McCarthy, JJ., concur. Ordered that the amended order is affirmed, with costs.