# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

690

CA 12-00089

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

MARY J. KNIGHT, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

REALTY USA.COM, INC., DIANNE SHAW, REALTY USA,
DEFENDANTS-APPELLANTS,
FRANK ROBERTACCIO, ET AL., DEFENDANTS.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MICHELLE M. DAVOLI OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

JOHN J. DELMONTE, NIAGARA FALLS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Catherine R. Nugent Panepinto, J.), entered October 25, 2011 in a
personal injury action. The order, insofar as appealed from, denied
the motion of defendants Realty USA.com, Inc. and Dianne Shaw, Realty
USA for summary judgment dismissing plaintiff's complaint against them
and granted plaintiff's cross motion for leave to amend the summons
and complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of
defendants-appellants is granted, the complaint against them is
dismissed, and the cross motion of plaintiff is denied.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when, during an open house at a home owned by
defendants Frank Robertaccio and Kathleen Robertaccio, she tripped and
fell over a platform located in the basement. The Robertaccios had
hired defendant Realty USA.com, Inc. and defendant Dianne Shaw, Realty
USA, a real estate agent (collectively, defendant brokers) to sell
their home. Shaw arranged the open house with the help of her
assistant, and it was administered by a hostess employed by Shaw.
Neither the Robertaccios nor Shaw were present during the open house.

As limited by their brief, defendant brokers contend that Supreme
Court erred in denying their motion for summary judgment dismissing
the complaint against them and in granting plaintiff's cross motion
for leave to amend the summons and complaint. We agree. With respect
to the motion for summary judgment, it is well settled that
" '[l]iability for a dangerous condition on property is predicated
upon occupancy, ownership, control or a special use of [the]
premises' " (*Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d

1102, 1103).   " 'The existence of one or more of these elements is sufficient to give rise to a duty of care[, but w]here none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property' " (*id*.).  Defendant brokers, whose only connection to the property was listing it for sale and showing it to prospective buyers, met their initial burden on their motion by establishing that they did not occupy, own, or control the Robertaccios' home and did not employ it for a special use, and thus did not owe plaintiff a duty of care (*see Rackowski v Realty USA*, 82 AD3d 1475, 1476; *Eichelbaum v Douglas Elliman, LLC*, 52 AD3d 210). In response thereto, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiff's contentions, the evidence does not establish that Shaw assumed a duty to repair the platform or to warn others about it (*see generally Gauthier v Super Hair*, 306 AD2d 850, 851-852), nor does it establish that defendants may be liable under a "special use" theory of liability (*see generally Kaufman v Silver*, 90 NY2d 204, 207).

     We further conclude that the court erred in granting plaintiff's cross motion for leave to amend her summons and complaint to raise additional causes of action sounding in "general negligence" and to add Shaw's employee who hosted the open house as a defendant (*see generally* CPLR 3025 [b]).  As previously noted, defendants established that they did not owe plaintiff a duty of care with respect to any defective or dangerous conditions on the premises, and that principle applies equally to plaintiff's proposed causes of action, which likewise are based in negligence.  It also applies equally to Shaw's employee, whose sole connection to the premises was hosting the open house, allowing plaintiff entry into the home, and showing her where to access the basement (*see Rackowski*, 82 AD3d at 1476; *Eichelbaum*, 52 AD3d 210).  Inasmuch as the proposed amendments were "patently lacking in merit" (*Letterman v Reddington*, 278 AD2d 868; *see Nastasi v Span, Inc.*, 8 AD3d 1011, 1013), the court erred in granting plaintiff's cross motion for leave to amend her summons and complaint (*cf. McFarland v Michel*, 2 AD3d 1297, 1300; *see generally C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.]*, 15 AD3d 905, 907; *Boccio v Aspin Trucking Corp.*, 93 AD2d 983, 983).

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court