Antonio v West 70th Owners Corp. (2019 NY Slip Op 02626)





Antonio v West 70th Owners Corp.


2019 NY Slip Op 02626


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8902 305769/14

[*1]Jason Antonio, Plaintiff-Respondent,
v
West 70th Owners Corp., Defendant-Appellant-Respondent, Titan Capital Group II LLC, Defendant, SEPI Realty, LLC, Defendant-Respondent-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Jeremy M. Buchalski of counsel), for appellant-respondent.
Downing & Peck, P.C., New York (Marguerite D. Peck of counsel), for respondent-appellant.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about April 25, 2018, which, insofar as appealed from as limited by the briefs, denied defendants West 70th Owners Corp. and SEPI Realty, LLC's motions for summary judgment dismissing the Labor Law § 200 and negligence claims as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Plaintiff claims that he was injured after slipping and falling on slippery stairs because he was directed to remove his boots while working. Defendants established prima facie that they did not exercise supervisory control over the means and methods of plaintiff's work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Their principals, the homeowners, testified that they were not home on the day of the accident and that they never asked any workers to remove their boots. In opposition, plaintiff failed to raise an issue of fact as to whether the man from whom he received the instruction to remove his boots had apparent authority to direct his work (see Hallock v State of New York, 64 NY2d 224, 231 [1984]). Plaintiff was unable to identify the man, the man's employer, or the man's relationship to the homeowners. Moreover, plaintiff testified that at first he refused to take his boots off. Plaintiff called his supervisor who warned him that if he did not remove his boots he would be fired. As such, plaintiff's supervisor gave the ultimate direction to remove his boots, which establishes that the employer exercised supervisory control over the injury-producing work.
The record also shows that the stairs were not in a dangerous condition (see Cappabianca, 99 AD3d at 144). Plaintiff himself testified that there were no observable defects [*2]on the stairs, that they were not wet, and that they were free of chips and cracks. He admitted that he slipped solely because he was wearing socks with no boots (see Eichelbaum v Douglas Elliman, LLC, 52 AD3d 210 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK