Beck v City of Niagara Falls (2022 NY Slip Op 00775)





Beck v City of Niagara Falls


2022 NY Slip Op 00775


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


947 CA 20-01520

[*1]DANIEL J. BECK AND DEBRA BECK, PLAINTIFFS-RESPONDENTS,
v
CITY OF NIAGARA FALLS, ET AL., DEFENDANTS, AND NIAGARA FALLS WATER BOARD, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 10, 2020. The order denied the motion of defendant Niagara Falls Water Board for summary judgment dismissing the complaint and cross claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendant Niagara Falls Water Board are dismissed.
Memorandum: This premises liability action stems from injuries sustained by Daniel J. Beck (plaintiff) while he was working as an employee of a welding and fabrication company with a facility located at the intersection of 56th Street and Simmons Avenue in the City of Niagara Falls. At the time of the incident, plaintiff was assisting a coworker in using a forklift and a clamp to transport a steel beam on Simmons Avenue when the forklift struck one or more potholes and the beam fell, causing an injury to plaintiff's foot. Plaintiffs allege, inter alia, that the Niagara Falls Water Board (defendant) was negligent in its maintenance and repair of its sewer system, and that such negligence caused or contributed to the dangerous condition that led to plaintiff's accident. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint and all cross claims against it. We reverse.
The proponent of a motion for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "[L]iability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises" (Knight v Realty USA.COM, Inc., 96 AD3d 1443, 1444 [4th Dept 2012] [internal quotation marks omitted]). Where none of those elements is present, "a party cannot be held liable for injury caused by the defective or dangerous condition on the property" (id. [internal quotation marks omitted]). Defendant met its initial burden on its motion "by establishing that [it] neither owned nor made special use of [Simmons Avenue], and that [it] had no connection to the condition" that caused the accident (Belvedere v AFC Constr. Corp., 21 AD3d 390, 391 [2d Dept 2005]). In opposition, plaintiffs failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 324).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court