Thoroyan v Palumbo (2023 NY Slip Op 03591)

Thoroyan v Palumbo

2023 NY Slip Op 03591

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

289 CA 22-00109

[*1]HENRY THOROYAN, PLAINTIFF-APPELLANT,
v
ALEX PALUMBO, ET AL., DEFENDANTS, AND VILLAGE OF FRANKFORT POWER AND LIGHT, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-APPELLANT.
GERBER CIANO KELLY BRADY LLP, GARDEN CITY (BRENDAN T. FITZPATRICK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 19, 2022. The order granted the motion of defendant Village of Frankfort Power and Light for summary judgment and dismissed the plaintiff's amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries he sustained when he tripped on a grounding rod and attached wire, which were located in the parking lot of his apartment building and concealed at the time of the accident by snow. In appeal No. 1, plaintiff appeals from an order granting the motion of defendant Village of Frankfort Power and Light seeking, inter alia, summary judgment dismissing the amended complaint against it. In appeal No. 2, plaintiff appeals from an order granting the motion of defendant Verizon New York, Inc. seeking, inter alia, summary judgment dismissing the amended complaint against it. We affirm in both appeals.
The proponent of a motion for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). " 'Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . The existence of one or more of these elements is sufficient to give rise to a duty of care. Where none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property' " (Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103 [4th Dept 2006]; see Knight v Realty USA.COM, Inc., 96 AD3d 1443, 1444 [4th Dept 2012]). With respect to both appeals, defendants met their initial burdens on their respective motions insofar as they sought summary judgment dismissing the amended complaint against them by establishing that none of those elements was present (see Beck v City of Niagara Falls, 202 AD3d 1463, 1464 [4th Dept 2022]). In opposition, plaintiff failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 324).
We have considered plaintiff's remaining contentions in both appeals, and we conclude that they do not require reversal or modification of the orders.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court