## Chen v Lee

### 2024 NY Slip Op 31969(U)

### June 5, 2024

### Supreme Court, New York County

### Docket Number: Index No. 158258/2017

### Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**                      PART          **40**

*Justice*

-----------------------------------------------------------------X

JENNY HU CHEN,

                                Plaintiff,

                - v -

JAMES KYONGSOP LEE, SANG HEE LEE, CHARLES
RUTENBERG REALTY, INC.,YUNJI HAHN,

                                Defendant.

-----------------------------------------------------------------X

JAMES LEE, SANG LEE

                        Plaintiff,

                -against-

YUNJI HAHN

                        Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158258/2017 |
| MOTION DATE | 01/11/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595966/2017

The following e-filed documents, listed by NYSCEF document number (Motion 003) 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122

were read on this motion to/for            DISMISSAL                .

Upon the foregoing documents, it is ordered that the defendant Yunji Hahn's motion for summary judgment pursuant to CPLR 3212 is granted for the reasons set forth below.

Plaintiff commenced the instant action on September 14, 2017 for injuries allegedly sustained on July 8, 2017 when plaintiff was caused to slip and fall while descending a stairway at 127 Celia Drive, Jericho, New York (the Premises). Defendant Yunji Hahn (Hahn) now moves for summary judgment pursuant to CPLR 3212 seeking dismissal of the complaint as against her.

158258/2017   CHEN, JENNY HU vs. LEE, JAMES KYONGSOP
Motion No.  003

Page 1 of 4

[* 1]

Defendants James Kyongsop Lee and Sang Hee Lee (the Lee Defendants) owned the Premises and hired defendant Charles Rutenberg Realty, Inc. to find renters for it. *See* Affirmation in Support, dated January 11, 2023, ¶ 6. At the time of the incident, defendant Hahn was a real estate agent associated with defendant Charles Rutenberg Realty and was responsible for showing the Premises to potential renters. *See id.* On July 8, 2017, plaintiff Jenny Hu Chen attended an appointment to see the Premises and alleges that she and her son were instructed by defendant Hahn to take off their shoes shortly after entering. *See* Notice of Motion, Exh. D, Plaintiff's Depo. Tr., p. 24: ln. 19-23, p. 26: ln. 2-7,17-21. Plaintiff removed her shoes, but not her socks, and alleges that as a result, she slipped and fell down the stairs. *See id.* at p. 27: ln. 17-19.

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 (1986). The moving party's failure to make a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. *See id.* If the moving party meets its prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact. *See id.*

It is well settled that "[l]iability for a dangerous condition on property may only be predicated upon occupancy, ownership, control or special use of such premises". *Gibbs v Port Auth. of New York,* 17 AD3d 252, 254 (1st Dept 2005). In addition, real estate brokers owe no duty to prospective buyers to make a premises safe where their only connection to the premises is to show it to prospective buyers. *See Eichelbaum v Douglas Elliman, LLC,* 52 AD3d 210, 210 (1st Dept 2008); *see also Knight v Realty USA.com, Inc.,* 96 AD3d 1443, 1444 (4th Dept 2012)).

**158258/2017  CHEN, JENNY HU vs. LEE, JAMES KYONGSOP**
**Motion No. 003**

**Page 2 of 4**

2 of 4

[* 2]

Here, defendant Hahn essentially argues that she owed no duty to plaintiff to keep the Premises safe, as she was hired as a real estate broker to show the Premises to prospective buyers. She states that she was merely following what she believed to be the Lee Defendant's wishes of having guests remove their shoes shortly after entering the Premises. As a real estate agent with no connection to the property other than merely showing it to prospective buyers, defendant Hahn owed no duty to make the Premises safe. *See Eichelbaum*, 52 AD3d at 210. Therefore, defendant Hahn has met her prima facie burden on summary judgment.

In opposition, plaintiff argues that defendant Hahn owed a duty of care to prospective tenants and breached that duty by instructing plaintiff to remove her shoes. Plaintiff further argues that there is an issue of material fact as to whether defendant Hahn instructed plaintiff and her son to remove their shoes, such that a jury may find that defendant Hahn launched an instrument of harm. Defendant Hahn stated in her deposition testimony that she does not remember asking plaintiff to remove her shoes and that plaintiff removed her shoes on her own volition per Asian custom. *See* Notice of Motion, Exh. F, defendant Hahn's Depo. Tr. p. 23: ln. 13, p. 24: ln. 2, ln. 12-16, p. 61: ln. 5-7). Adversely, plaintiff points to defendant Sang Hee Lee's testimony, in which she states that she did not instruct defendant Hahn to tell anybody coming into the Premises to remove their shoes. *See* Notice of Motion, Exh. E, Sang Hee Lee Depo. Tr. p. 26: ln. 3-7.

Whether or not plaintiff was instructed to remove her shoes is immaterial, as the Honorable Alexander M. Tisch previously found that argument unavailing in the Decision/Order dated March 31, 2021, in mot. seq. no. 001 and 002. In such Decision/Order, Judge Tisch held that there was nothing inherently wrong with the stairs, nor was the Lee Defendants' use of baby wipes the reason for plaintiff's fall. Furthermore, any danger due to smoothness of the floor

158258/2017   CHEN, JENNY HU vs. LEE, JAMES KYONGSOP
Motion No. 003

Page 3 of 4

would have been equally as apparent to defendant Hahn and plaintiff. *See Eichelbaum*, 52 AD3d at 210. Thus, defendant Hahn cannot be liable and the motion for summary judgment is granted. Accordingly, it is hereby

ORDERED that defendant Yunji Hahn's motion for summary judgment pursuant to CPLR 3212 is granted, and the complaint is dismissed in its entirety as against said defendant, and it is further

ORDERED that within 30 days of entry, defendant Hahn shall serve a copy of this Decision and Order upon all parties with Notice of Entry, and it further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/5/2024 | | | | |
|----------|---|---|---|---|
| **DATE** | | | **ADAM SILVERA, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|-----------------------|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158258/2017  CHEN, JENNY HU vs. LEE, JAMES KYONGSOP**
Motion No.  003

Page 4 of 4

[* 4]